[No. 2318.    Sept. 3, 1920.]

## HUBERT v. AMERICAN SURETY CO. OF NEW YORK et al.

### SYLLABUS BY THE COURT.

1. The treasurer of a business corporation is not guilty of misappropriating or misapplying the funds of the corporation if he pays out such funds upon the order of the officer authorized under the by-laws to order the funds disbursed. P. 366

2. Instructions to the jury must be considered as a whole, and, if the entire charge presents the law of the case fairly to the jury, it is sufficient.          P. 367

Error to District Court, Eddy County; Richardson, Judge.

Action by F. E. Hubert, receiver of the National Plaster Company, against the American Surety Company of New York and L. C. Denning. Verdict and judgment for defendants, and plaintiff brings error. Affirmed.

ETIENNE DE P. BUJAC, of Carlsbad, for plaintiff in error.
FRANCIS C. WILSON, of Santa Fe, for defendants in error.

OPINION OF THE COURT.

ROBERTS, J.   Plaintiff in error instituted this action in the court below to recover on a bond executed by Denning, as principal, and the American Surety Company, as surety, in favor of the National Plaster Company. Denning was the treasurer of the company, and the complaint alleged that he had misappropriated and misapplied $2,431.31. · Issues were joined, and the case was tried to a jury, which returned a verdict in favor of the defendants in error.

On appeal but three questions are argued, all of which relate to the giving or refusing to give certain instructions.   It is first contended that the court erred in refusing to give plaintiff's instruction No. 1, which reads as follows:

"One of the grounds upon which the plaintiff claims the right to recover in this suit is that the funds of the National Plaster Company was misapplied by the defendant Denning. By the term 'misapplied' is meant a diverting of the funds or property of the corporation from the legitimate business of the corporation, and the use of them for purposes unauthorized by the corporation.

"You are instructed that no officer of the corporation is or was authorized to take the money of the corporation, or authorize another to take such money, except for the legitimate business of the corporation.

"You are further instructed that if you believe from the evidence that the defendant Denning misapplied any of the funds of the corporation mentioned in the complaint of the plaintiff as having been misapplied, and about which there has been testimony introduced, and you further believe that such funds have not been accounted for or returned to the corporation in such way that the corporation has received the benefit thereof, then and in that event the plaintiff is entitled to recover the same."

[1] The court properly refused this instruction for several reasons.  "The treasurer of a corporation is the officer charged by law with the custody of its funds, and is generally held responsible for their safe-keeping." Thompson on Corporations, § 1556.   He likewise disburses the money of the corporation, but this is usually done upon authority of either the board of directors or

some other official authorized by the by-laws of the corporation to draw orders on the treasurer for such moneys. This instruction would hold the treasurer responsible for a misapplication of the money, even though he had disbursed it upon the order of the proper authority, under the by-laws of the corporation. In other words, it would impose upon the treasurer the duty of determining, at his peril, that the officer ordering the disbursement, although having authority so to do, was doing so for the legitimate business of the corporation. The treasurer of a business corporation is not guilty of misappropriating or misapplying the funds of the corporation if he pays out such funds upon the order of the officer authorized under the by-laws to order the funds disbursed. The court properly refused to give the instruction.

[2] It is also urged that the court was in error in giving the instruction No. 6, in that by said instruction it was the duty of the jury to return a verdict for the defendants in the court below, unless it found that there had been a misapplication or misappropriation of the total amount sued for; and the portion of the instruction quoted by plaintiff in error in his brief would seem to sustain the contention, but the instruction is not all set forth, and that not quoted obviates the error complained of, in that it gives the jury to understand that it should return a verdict for the plaintiff for such portion of the total amount, if any, sued for as had been misappropriated or misapplied by Denning, as treasurer. The instructions to the jury must be considered as a whole, and if the entire charge presents the law of the case fairly to the jury, it is sufficient. Crabtree v. Segrist, 3 N. M. 495, 6 Pac. 202; Territory v. Gonzales, 14 N. M. 31, 89 Pac. 250.

Complaint is also made as to the refusal of the court to give plaintiff's in error requested instruction No. 2, which in part, was as follows:

"You are instructed that the said Denning was not authorized to pay any indebtedness of the Oriental Plaster Company with the funds of said corporation, unless the board of direc-

tors of the corporation had at a regular meeting of the corporation authorized such payment.

"If you find from the evidence that the defendant Denning made a check on the funds of said corporation payable to himself, and paid the same out at the request of any person or at his own instance for the benefit of the Oriental Plaster Company, and that such act was not specifically authorized by a meeting of the board of directors of said corporation in regular or called meeting upon consideration thereof, then I charge you that the taking of such funds for such purpose was a misapplication thereof by the defendant Denning, and he and his surety are liable therefor, and in that event you will return a verdict for the plaintiff as to said item."

This instruction was erroneous, in that it was a comment upon the evidence, and justified the payment only in the event the action had been theretofore authorized at a regular or special meeting of the board of directors, notwithstanding the fact that the by-laws might have authorized the treasurer to pay out moneys upon the order of the president or some other officer, or the manager of the corporation.

We find no error in the record, and the judgment will be affirmed; and it is so ordered.

PARKER, C. J. and RAYNOLDS, J., concur.