[No. 2510.   Feb. 22, 1922.]

RAREY v. McADOO, Director General of Railroads

### SYLLABUS BY THE COURT

(1)   A requested instruction not to consider a certain issue upon which there was no evidence was properly refused, where the instructions given limited recovery to another issue.                                                          P. 16

(2)    A requested instruction not applicable to the case is properly refused.                                         P. 16

(3)    Evidence of the similarity in condition of cattle of plaintiff and those of another owner in the same shipment at a designated point, and their dissimilarity after leaving that point, was relevant and admissible on the issue of defendant's negligence in handling plaintiff's cattle at that point.                                                      P. 17

(4)    Testimony as to weights of cattle at destination, based on personal knowledge, is primary evidence and admissible.
                                                       P. 18

(5)    A portion of a statement of a witness contradictory of a fact admitted by the pleadings was immaterial and properly excluded.                                              P. 18

Appeal from District Court, Eddy County; Bratton, Judge.

Action by J. F. Rarey against W. G. McAdoo, Director General of Railroads. Judgment for plaintiff, and the defendant appeals. Affirmed.

W. C. Reid, C. M. Botts, and George S. Downer, all of Albuquerque, for appellant.

Stennis & Phillips,, of Carlsbad, for appellee.

OPINION OF·THE COURT

DAVIS, J.    Plaintiff shipped from Red Bluff three cars of cattle containing 102 head and from Carlsbad six cars containing 190 head, all consigned to Kansas City. The shipments were consolidated at Carlsbad, making nine cars with 292 head. A considerable number died during the trip, and plaintiff commenced this action to recover their value in damages.

The complaint alleged generally that the loss was occasioned by negligence of the carrier, and specifically charged that the cattle were unnecessarily detained on the trip for approximately 50 hours, and that the cars were so carelessly and roughly handled in switching at Clovis that the cattle were knocked down, trampled one another, and were bruised and injured to such an extent that large numbers of them died. The answer amounted to a general denial. There was a jury trial resulting in a verdict for plaintiff upon which judgment was rendered.

[1] No evidence was introduced in support of the charge that there was a 50-hour delay in reaching the destination. The court was requested to instruct the jury not to consider this allegation. The court refused this. In other instructions the jury was told that there could be no recovery unless there was proof, amounting to a preponderance of the evidence, that the death of the cattle resulted from the carelessness of the defendant, and, by another, that the burden was upon plaintiff to establish "each and all of the material issues" of his complaint. By a further instruction the negligence was practically limited to the careless and rough handling of the cattle in the switching at Clovis. These instructions sufficiently advised the jury that they should not consider an allegation wholly unsupported by proof, and a specific instruction to that effect was therefore unnecessary.

[2] In support of his allegation that the injuries to the cattle resulted from negligent switching at Clovis, plaintiff introduced testimony to the effect that following the switching a corner of one of the cars was twisted or broken, and that a timber supporting the upper deck of another was loose or broken, while prior to that time these cars were in good condition. Appellant requested the court to instruct the jury in effect that the fact that this timber was found to be loose or broken after leaving Clovis could not be considered as proof of negligence, unless it resulted from a cause which could have been anticipated, or unless it might have been remedied more quickly than it was. Irrespective of whether this instruction is a correct statement of the law in cases based upon such negligence, the fault in the requested instruction lies in its lack of application. The defective condition of the car was not the basis of this action. The negligence alleged was the improper handling of the cattle at Clovis. In support of this and as one circumstance from which the jury might deduce improper and rough treatment of the cattle, it was shown that, while the cars were

in good condition before the switching, they were in the condition above stated shortly afterward. Since there was no other explanation of the change, it was proper for the jury to consider it as a circumstance going to show careless handling during the switching. The testimony was admissible for no other purpose. The requested instruction was therefore properly refused.

[3] On the same train with plaintiff's cattle was another shipment consisting of four cars of cattle belonging to a man named Polk. These cars were not switched at Clovis with those containing the cattle of plaintiff. Plaintiff, over objection, was allowed to show that when the train was made up following the switching many of his cattle were down and injured, while the Polk cattle were standing and unhurt. This was another circumstance going to show that the injuries to the cattle resulted from careless switching. Appellant assigns as error the admission of this testimony, for the reason that there was no proper basis for the comparison, in that there was no proof of the condition of the range. from which the Polk cattle came, or of their ages, breeds, or other similar circumstances. We do not agree with this contention. The basis for comparison would consist of proof that the cattle were in substantially the same condition when shipped as to ability to stand the trip and reach their destination or, as expressed on the trial, in the same shipping condition, and that they received the same treatment up to the time of their separation at Clovis. Since they traveled on the same train to Clovis, the identity of treatment was established. There was evidence from several witnesses that when the cattle were at Carlsbad all of them were in about the same shipping condition and that there was no difference between them. One witness stated that the two shipments were of about the same age, class, and kind, and another that they were practically the same as to flesh. The similarity in condition at the commencement of the trip

was therefore prima facie established, and a basis for comparison furnished. There was likewise testimony that both shipments were in good condition when they reached Clovis. This proof, coupled with the difference in the condition of the cattle in the two shipments shortly after leaving Clovis, furnished a basis for the inference of different treatment there and that the difference in condition resulted from that treatment, and for this purpose the evidence was admissible. Appellant relies upon A., T. & S. F. R. Co. v. Merchants' Live Stock Co., 273 Fed. 130, recently decided by the United States Circuit Court of Appeals. The facts differentiate the cases. There the two shipments were made some months apart and there was no proof whatever of similarity of the conditions. Such similarity is, of course, the primary requisite for comparison. It was lacking there, but sufficiently shown here.

[4] Appellant assigns as error the admission of oral testimony as to the weights of the cattle at Kansas City, contending that the weight sheets or slips were the best evidence. These sheets were not made by the witness, but by the person who did the weighing, and at the time of trial were in Kansas City. The witness was present when the cattle were sold and testified that he knew their weights, and that he was testifying from his own knowledge. This was not an attempt to prove by secondary evidence the contents of these weight slips, but testimony by a witness to facts within his knowledge. That some one else made a memorandum regarding those facts cannot render his testimony inadmissible.

[5] Appellant also assigns as error the refusal of the trial court to admit in evidence a conversation between one Joe Sams and plaintiff. Sams testified that plaintiff stated to him that he could get no damages for the loss of his stock, as he shipped at his own risk, because the cattle were thin and he had to do so. Cousel for plaintiff moved to strike the statement that plaintiff shipped at his own risk and therefore could

not recover damages, since that was contradicted by the written contract covering the shipments. The court instructed the jury that this portion of the statement was withdrawn and should not be considered. Appellant argues that this statement was admissible as tending to show the condition of the cattle when shipped and plaintiff's knowledge of it. But the portion of the statement .directly referring to their condition, that they were thin, was not taken from the jury but was left for their consideration. The remainder of the statement was immaterial. The pleadings admitted that the shipment was not made at plaintiff's risk, and this admission was not subject to contradiction. If plaintiff made the statement repeated in this testimony, it was untrue under the admitted facts. An evident falsity can have no probative force.

The judgment of the district court is therfore affirmed, and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.