[No. 3276.   May 2, 1929.]

YOUNG v. SOUTHERN PAC. CO.

[278 Pac. 200.]

Geo. W. Prichard, of Santa Fe, and C. H. Hittson, of Tucumcari, for appellant.

James L. Briscoe, of Tucumcari, and Del W. Harrington, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

CATRON, J. This is a suit by Minnie I. Young against the Southern Pacific Company for damages sustained by herself and to her automobile. The action is based upon the charges that on November 18, 1923, the El Paso & Southwestern System, a corporation, was in possession of, operating, and maintaining a line of railroad between Santa Rosa and Tucumcari, N. M.; that, through the carelessness and negligence of the agents, servants, and employees of the El Paso & Southwestern System, a locomotive and freight train ran into plaintiff and her automobile on a highway crossing near Cuervo, N. M., and injured plaintiff and wrecked her automobile; that since said accident and on the 30th day of September, 1924, the El Paso & Southwestern System was merged in and became consolidated with the Southern Pacific Company, and thereby the Southern Pacific Company acquired from the El Paso & Southwestern System all its properties and holdings, and as a result thereof assumed all of the obligations and liabilities of the El Paso and Southwestern System.

Defendant's answer admits some immaterial allegations of the complaint, but denies every material allegation therein contained, including the foregoing, thus leaving the burden upon the plaintiff to establish all of the material allegations of the complaint.

After both plaintiff and defendant had closed all evidence and rested, the defendant moved the court to direct a verdict in its favor. This motion was based upon the failure of plaintiff to prove the material allegations of her complaint and other grounds not material to this review.

In the arguments and discussion which followed, it was pointed out and stipulated by defendant's counsel that at the time of the accident the El Paso & Southwestern Company, a New Jersey Corporation, was operating the line of railroad in question. Thereupon the plaintiff moved a trial amendment by striking out the words "El Paso &

Southwestern System" wherever it appeared in the complaint and inserting in lieu thereof "El Paso & Southwestern Company, a New Jersey corporation." The court considered the two motions jointly, and, after hearing arguments of counsel, ruled that the trial amendment suggested could not avail plaintiff because there was no proof in the case to establish liability of the Southern Pacific Company, the defendant. Accordingly, the court denied the motion to make the trial amendment and directed a verdict in defendant's favor upon the theory that there was no proof of merger which could result in liability of defendant, and upon said verdict entered a final judgment in defendant's favor.

Plaintiff appealed and assigned four grounds of error, each of which requires an examination of the evidence for a decision. We will therefore first consider the evidence.

The record conclusively establishes the following uncontradicted facts: It was stipulated, during the trial, that the El Paso & Southwestern Company, a New Jersey corporation, was operating the line of railroad between Tucumcari and Santa Rosa through Cuervo on the date the accident occurred, and that it operated same under a lease from the Rock Island. The proceeding had before the Interstate Commerce Commission, decided by it December 26, 1923, page 122-134, vol. 86, Interstate Commerce Commission Reports, was offered in evidence without objection. This proceeding conclusively establishes that the El Paso & Southwestern Company and the El Paso & Southwestern Railroad Company were carriers by railroad and subject to the Interstate Commerce Act; that the El Paso & Southwestern Company was from July 17, 1923, until some time after December 26, 1923, the date of the decision of the Interstate Commerce Commission, both a holding and an operating company. The object of the proceeding was to obtain authorization solely for the interchange of certain stock, securities, and properties between the El Paso & Southwestern Company and the El Paso & Southwestern Railroad Company, but not for a merger or consolidation of the companies. The proceeding had before the Interstate Commerce Commission,

decided by it September 30, 1924, Interstate Commerce Commission Reports, vol. 90, pp. 732-742, was also offered in evidence without objection. It had for its object the acquisition by the Southern Pacific Company of control of certain of the operating companies and carriers comprising the El Paso & Southwestern System, through purchase of the interests held by the El Paso & Southwestern Company in such other companies. The companies of which control was so sought to be acquired by the Southern Pacific are enumerated in the decision, and include the El Paso & Southwestern Railroad Company but not the El Paso & Southwestern Company.

The transcript of record contains no other substantial evidence pertinent to the questions raised by appellant's assignments of error.

■ The first question presented by appellant is contained in the following assignment of error:

"That the Court erred in holding that the proof submitted by the plaintiff did not sustain her allegations as to the company that caused her injury."

It is manifest from the stipulation appearing in the record, that the El Paso & Southwestern Company caused the injury, and not the El Paso & Southwestern System, as pleaded. Appellant's first assignment of error is therefore, not well taken.

■ The next question presented by appellant's second assignment of error is:

"The Court erred in not permitting the plaintiff to amend her complaint by striking out the name of the El Paso & Southwestern System and inserting in lieu thereof the name of the El Paso & Southwestern Company."

Section 4162 of the N. M. 1915 Codification is as follows:

"The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or mistake in any other respect, or by inserting other allegations, material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

It is true the stipulation established that the El Paso & Southwestern Company was the company which caused the injury, and therefore, in a sense, the amendment proposed was for the purpose of conforming the pleading to the facts proved. However, there is a total failure of proof as to the merger of the El Paso & Southwestern Company with the Southern Pacific Company either directly or indirectly. As heretofore pointed out, the evidence conclusively shows that the El Paso & Southwestern Company was both an operating and holding company at the time of the accident; that, by the authority given it in the decision of the Interstate Commerce Commission of December 26, 1923, it merely sold some of its holdings to the El Paso & Southwestern Railroad Company in exchange for other holdings; the El Paso & Southwestern Company did not cease to exist, but continued as a corporation with vast assets; it did not seek permission to merge with the El Paso & Southwestern Railroad Company, and the Interstate Commerce Commission specifically recites the proceeding has not for its object merger of the two companies; that by the decision of the Interstate Commerce Commission of September 30, 1924, authority was given the Southern Pacific Company to acquire from the El Paso & Southwestern Company the control of certain other companies and carriers by purchase and sale but not by merger. If, however, this be treated as a merger in the Southern Pacific Company of the companies, control of which was sought to be acquired, then it clearly appears that the El Paso & Southwestern Company was not one of such companies, and under no theory did it merge with the Southern Pacific Company.

It is apparent from the foregoing that the amendment sought could not benefit plaintiff, and the court committed no error in refusing to allow same.

Appellant next presents the question raised by her third assignment of error, which is:

"The Court erred in holding that the merger of the El Paso & Southwestern Railroad Company would not carry any obligation with it, and no liability attaches to the defendant Company."

Appellant is confronted with the facts that the El Paso & Southwestern Company caused the injury and that it

is an existing corporation with large assets; that it neither merged directly nor indirectly with the El Paso & Southwestern Railroad Company; that, if it be assumed that the El Paso & Southwestern Railroad Company did merge with the Southern Pacific Company, nevertheless such merger could not carry with it any obligation of the El Paso & Southwestern Company. There is therefore no merit in appellant's third assignment of error.

4. The last question raised by appellant is contained in the fourth assignment of error, and is:

"The trial Court erred in dismissing the cause on the ground as stated by the Court: 'That if the case is submitted to the jury now and an appeal is taken to the Supreme Court, and it should find in favor of the defendant, by the time the Appellate Court could decide it, the statute of limitation would run, and the plaintiff would not have a right to bring action, although there might be liability there'."

We do not understand from the record that the court held as above contended by appellant. It is quite true the court made the statement above noted, but that was not a ruling of the court; it was one of several suggestions made by the court. The court's ruling is as follows:

"I am convinced, gentlemen, in its present form if submitted to the jury and permit them to return a verdict in favor of the plaintiff, that the defendant would take it to the Supreme Court and the case would be reversed. Under that condition I see nothing to do but direct a verdict in favor of the defendant. By so doing plaintiff can decide and determine which one of these corporations should be sued and bring suit accordingly."

In the light of the facts established in this case, it clearly appears that the El Paso & Southwestern Company was operating the railroad at the time plaintiff was injured; that no merger has been proved under which the defendant company assumed liability for the obligations of the company committing the injury. It follows that plaintiff failed to prove the material allegations of her complaint, and this is true whether we consider the complaint as originally filed or as though amended. It is proper to direct a verdict where the evidence is such that no other verdict could be allowed to stand. Romero v. Romero, 29 N. M. 667-670, 226 P. 652.

Finding no error, the judgment of the lower court must be affirmed, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and WATSON, JJ., did not participate.