[No. 3138. Jan. 25, 1930.]

FEDERAL RESERVE BANK OF DALLAS v. UPTON.

[285 Pac. 494.]

J. P. Dreibelbis, of Dallas, Tex., and Holt & Sutherland, of Las Cruces, for appellant.

Wilson & Woodbury, of Silver City, for appellee.

OPINION OF THE COURT

CATRON, J.

The Federal Reserve Bank of Dallas sued J. N. Upton upon two promissory notes for the balance due thereon with interest, attorney's fees, and costs. The principal of the two notes was $1,748.55, but two payments aggregating $518.70 were credited on one of said notes, thereby reducing the principal sued for to $1,229.85.

Defendant did not deny the indebtedness alleged in the complaint, but pleaded a counterclaim for the sum of $5,354.30 growing out of an alleged breach by plaintiff of a certain verbal contract between plaintiff and defendant entered into about May 1, 1924, for pasturage of plaintiff's cattle upon the lands of defendant, which is, in substance: That plaintiff was to have the use of and pasture cattle upon a certain fenced tract of land containing more than 25,000 acres and having thereon grass and water suitable for pasturage of cattle; to pasture cattle thereon to the capacity of said pasture and until the pasturage was extinguished, and for the use thereof pay defendant fifty cents per head per month for cattle pastured thereon.

Defendant further pleads that in accordance with the verbal agreement, plaintiff shortly after May 1, 1924, placed certain cattle in said pasture and kept cattle pastured there in various numbers until about November 15, 1924, when it removed all of its cattle and has not since used said pasture and has refused to further pasture any cattle thereon; that at the time plaintiff removed the last of its cattle from said pasture, there was still abundant grass and water to support a considerable number of cattle; that when plaintiff commenced the use of the pasture, it was capable of supporting 2,000 head of cattle for six months, or 1,000 head for one year, and that such was still the condition of the pasturage at the time plaintiff removed its cattle therefrom; that defendant by virtue of said breach of contract has been damaged in the sum of $6,000.

The counterclaim further alleges that in order to reduce or minimize his damages, defendant, after plaintiff had removed its cattle, let the use of the pasture for 254 head of cattle for one month at 50 cents per head and received therefor $127, but that he has been unable to and cannot obtain other cattle to graze upon said pasture; that the credits allowed by plaintiff on one of the promissory notes in the sum of $518.70 arose out of and were for plaintiff's use of said pasture during the time its cattle were pastured thereon.

Plaintiff in its reply denied every allegation of the counterclaim except the allegation that the credits allowed by plaintiff arose out of and were for plaintiff's use of defendant's pasture during the time its cattle were pastured thereon. Plaintiff then affirmatively pleads that about May 1, 1924, it did enter into a verbal contract with defendant concerning the use of a certain fenced area of land belonging to or controlled by defendant and for the pasturage of its cattle thereon, and sets forth its version of the contract, which is quite different from defendant's version. It will be unnecessary for the purpose of this opinion to set forth plaintiff's version of the contract.

Plaintiff further pleads that it did at various times place its cattle in the pasture, but removed same as they were

sold, and that it has paid the defendant all the pasturage due him under the contract entered into; that plaintiff had, prior to November 20, 1924, expressly authorized defendant to let the pasture to the use of other cattle, which defendant might have done had he so desired without violating the terms of the contract.

It appears that the pleadings admit the amount due on the notes in the sum contended for by plaintiff; the making of some verbal contract about May 1, 1924, concerning the use of defendant's pasture by plaintiff and the pasturage of plaintiff's cattle thereon; the payment of $518.70 by plaintiff to defendant for pasturage of its cattle and the crediting of same on one of defendant's promissory notes.

The case was tried to the jury upon the issues presented by the counterclaim and reply. The jury returned a verdict in defendant's favor and assessed his damages in the sum of $4,735.60.

The court found that plaintiff was entitled to recover $1,625.16 upon the two promissory notes, and that by the verdict of the jury the defendant was entitled to recover the sum of $4,735.60 upon his counterclaim, and that defendant was entitled to a judgment against plaintiff for the excess of $3,110.44, for which amount the court rendered judgment in defendant's favor, and plaintiff appealed to this court.

Appellant contends that the trial court erred in overruling its motion for an instructed verdict interposed at the close of appellee's case in chief. By introducing evidence in its behalf after the overruling of the motion, appellant waived the objection. State v. Analla et al. 34 N. M. 22, 276 P. 291; State v. Stewart, 34 N. M. 65, 277 P. 22-27; First State Bank of Alamogordo v. McNew et al., 33 N. M. 414-418, 269 P. 56; State v. Vincioni, 30 N. M. 472-476, 239 P. 281.

Appellant urges that the court erred in overruling its motion for an instructed verdict made at the close of the case.

The record discloses the following:

"Mr. Fielder: We rest. At this time we renew the motion made at the end of defendant's case by plaintiff."

It appears from the following that two motions were made by plaintiff at the end of defendant's case:

"Mr. Wilson: We rest.

"Mr. Dreibelbis: If your honor please, at this time I make a motion for an instructed verdict. He never proved that the people he made the contract with had any authority to make the contract.

"The Court: Any other grounds for the motion?

"Mr. Dreibelbis: No sir, I think that is sufficient.

"The Court: The jury may retire."

Then followed argument of the motion by counsel, following which:

"The Court: Overrule the motion.

"Mr. Dreibelbis: Exception.

"Mr. Fielder: We move for an instructed verdict for the reason that the evidence fails to establish any cause of action, and upon the further ground that the evidence fails to prove any damage.

"The Court: Overruled.

"Mr. Fielder: Exception."

We will consider both motions upon the assumption that they were again presented to the court and overruled at the close of the case. They present the following grounds:

1.  Defendant failed to prove that the people he made the contract with had any authority as agents of appellant to make the contract.

2.  The evidence fails to prove any damages.

3.  The evidence fails to establish any cause of action.

There is no merit in the first contention. As we have heretofore pointed out, appellant affirmatively pleaded that about May 1, 1924, it entered into a verbal agreement with appellee for the use of and pasturing of its cattle upon appellee's lands. It is true that the contract pleaded by appellant differs materially from the contract pleaded by

appellee, but such fact does not impose upon appellee the burden of proving by what authority the verbal contract was made. It merely placed in issue the terms of the contract.

As to the second contention, the record discloses substantial evidence to support the damages assessed by the jury.

The third contention is too indefinite to require consideration, but we have fully examined the evidence and find that it contains substantial evidence to support each material allegation of defendant's counterclaim. The court therefore committed no error in overruling appellant's motions and submitting the case to the jury.

Appellant insists that the court erred in refusing to give the following requested instructions:

"No. 2. You are instructed that in order to find for the defendant, upon the counterclaim herein you must believe by a preponderance of the evidence that the plaintiff, Federal Reserve Bank of Dallas, entered into a contract with the defendant for the pasturage of cattle as alleged in the said counterclaim, and that said contract was so entered into by an agent of the plaintiff who had authority from his principal, the Federal Reserve Bank of Dallas so to do. You are further instructed that the fact, if you believe it to be a fact by a preponderance of the evidence, that the witness Roberts was an employee of plaintiff is not of itself proof that said Roberts had authority to enter into the said alleged contract as agent of plaintiff and to bind plaintiff thereon, but the authority of such agent must be proved to your satisfaction by a preponderance of the evidence, and unless it is so proved you should find for plaintiff on said counterclaim.

"No. 3. You are instructed that in so far as it applies to this case the law is that a principal is not bound by unauthorized acts of its agent, that if you believe from preponderance of the evidence that the contract alleged by defendant was made as alleged by defendant, in order to find for defendant you must also believe by a preponderance of the evidence that the said alleged contract was entered into on the part of plaintiff by an agent of plaintiff who had authority from plaintiff so to do."

These instructions are framed upon the theory that appellee must prove specific authority of the agent of the bank to enter into the contract. As hereinabove held, such was not an issue in this case and no such duty devolved upon appellee, the making of some verbal contract having been admitted by the pleadings. A requested in-

struction not applicable to the case is properly refused. Rarey v. McAdoo, 28 N. M. 14-16, 205 P. 731.

Appellant urges that the court erred in refusing to give the following requested instruction:

"No. 4.  You are instructed that it was the duty of the defendant, J. N. Upton, upon a breach, if you believe by a preponderance of the evidence that there was a breach, of the contract alleged by defendant to have been made, if you believe by a preponderance of the evidence that such contract was made, to make a reasonable exertion to render the injury caused by such breach as light as possible, and you will not find for defendant in any amount for any loss, if you believe from a preponderance of the evidence that defendant suffered any loss, which defendant might have avoided with ordinary care and reasonable expense."

In the case of Higgins v. Cauhape, 33 N. M. 11, 261 P. 813, 814, in considering a suit for an unpaid balance of $800 growing out of an oral contract for grazing privileges, wherein the trial court found that plaintiff made no effort after breach of contract to mitigate the damages by leasing the salt grass to other persons, we held:

"Appellant contends that, having so found, the court erred in giving judgment for the full amount of the balance.  The trouble with this position is twofold: Appellant did not plead in mitigation; nor did he produce any competent evidence tending to show what amount, if any, appellee, by reasonable effort, might have realized from the grass."

And so in this case, appellant did not plead in mitigation of damages nor offer any evidence tending to show by what amount, if any, appellee, by reasonable effort, might have reduced his damages over and above the amount he did reduce them by renting the pasture to other persons.  Under the circumstances, the trial court correctly refused the requested instruction.

Appellant separately assigned as error the giving of several instructions.  We have carefully considered each instruction questioned and have also considered the instructions as a whole.  We are satisfied that they do, when considered as a whole, fairly and correctly instruct the jury as to the issues before it and upon the law applicable thereto to the extent warranted by the evidence. This is all that is required.  Hubert v. American Surety Co., 26 N. M. 365-367, 192 P. 487; Victor American Fuel Co. v. Melkusch, 24 N. M. 47-50, 173 P. 198.

Appellant finally contends that the court erred in overruling its motion for a new trial based upon newly discovered evidence. The difficulty with this contention is that the motion discloses that the facts therein set forth were not newly discovered evidence but were known to Forest Fielder, one of appellant's attorneys, prior to the trial. There is therefore no merit in appellant's contention.

Finding no error, the judgment of the trial court will be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

WATSON and PARKER, JJ., did not participate.