49 P.(2d) 251

CAVINESS v. DRISCOLL CONST. CO. et al.

No. 4109.

Supreme Court of New Mexico.

Aug. 26, 1935.

Rehearing Denied Sept. 24, 1935.

G. L. Reese, Jr., and J. S. McCall, both of Carlsbad, for appellant.

H. B. Hamilton, of El Paso, Tex., and James W. Stagner, of Carlsbad, for appellees.

BRICE, Justice.

This is an appeal by Sid Caviness, guardian of Mildred Clymer and Milton Clymer, minors, from a judgment for the appellees Driscoll · Construction Company,

and Century Indemnity Company, its surety, in a proceeding under the New Mexico Workmen's Compensation Act (Comp. St. 1929, § 156-101 et. seq.), to recover compensation on account of the accidental death of one Leslie O. Clymer, the father of said minors. The case was tried to a jury, and at the conclusion of the testimony for the plaintiff a motion for an instructed verdict was sustained by the court and judgment entered accordingly.

Assuming the testimony of appellant's witnesses to be true, and considering it most favorably in his behalf and giving him the benefit of every inference which might reasonably be drawn therefrom, the following are the facts:

The deceased, whose wife was dead and who was the father of the two minor children, Mildred and Milton Clymer, was an employee of the appellee construction company, employed to work at and around a rock crusher being used to crush rock for surfacing a highway being constructed in Eddy county, N. M. That portion of the highway then being surfaced, on which trucks loaded with crushed rock were going north a distance of seven miles where the rock was dumped and returning to the quarry empty, was blocked at each end and closed to the public travel. The seven miles between the rock crusher and the dumping point had been surfaced with the crushed rock, and the deceased and other employees used this closed portion of the highway in going to and from their homes at Carlsbad, with the tacit consent of the appellee Driscoll Construction Company. The trucks hauling the crushed rock were required to take their load from the quarry to the place of dumping and return (approximately thirteen miles) in twenty-five minutes or else lose any time in excess.

As was his custom each day, the deceased, on the 31st day of October, 1933, at about 12 o'clock, noon, left the rock quarry where he performed his labor and started driving north in an automobile on the blocked portion of the highway, to his home at Carlsbad. At a point about three miles from the quarry the deceased was driving behind one of the loaded trucks while an empty truck was returning to the quarry on the other side of the road. The truck drivers knew of deceased's custom of driving along this route, and that he might be expected at this point at or near this time. The deceased, intending to pass the loaded truck, turned out to the left and had reached a point approximately even with it when he collided head-on with the empty truck going in the opposite direction. This collision (in which Clymer was fatally injured) occurred at a dip from which the road sloped up to the north approximately three-quarters of a mile and to the south a half mile, where ordinarily any person driving along the road could see any car between the crests of the two hills.

Before the collision the driver of the empty truck had been coasting down the longer hill with his car out of gear, and at the time of the collision he was running at twenty-five miles or more per hour with his car still out of gear, while the loaded truck was traveling at an approximate speed of thirty-five miles per hour. The trucks and deceased's car were each six feet wide and the road at the place of the accident was twenty-two feet wide.

The driver of the empty truck first saw deceased's car when he was within ten feet of the loaded truck, at which time the deceased was turning out to pass it. After the collision the Clymer car was about in the center of the road, headed north, and the empty truck was on the right side of the road, headed south. The driver of the empty truck tried to stop at the time he saw deceased's car, but the time was too short and his truck struck deceased's car on the front about two feet from the left end of the bumper, at a point "just about where the frame comes out," and the rear of deceased's car struck the loaded truck, unloosing its doors and spilling a part of its load.

The appellant alleged in his compaint the following: "Plaintiff further alleges that just before said collision occurred decedent had been following a truck loaded with crushed rock to be dumped upon said highway, and driven by an employee of said company, and that decedent started to pass the said truck; that said loaded truck raised a cloud of dust upon said road bed so that decedent's view to the north was obstructed."

1. It may be stated at the outset that it is error for the trial court to direct a verdict for the defendant if there is substantial evidence that would support a judgment for the plaintiff (Federal Reserve Bank v. Upton, 34 N. M. 509, 285 P. 494), where men of reasonable minds might draw different conclusions from the evidence (Melkusch v. Victor American Fuel Co., 21 N. M. 396, 155 P. 727), whenever the evidence adduced presents an issue of fact which, if determined in appellant's favor, would entitle him to recover (New Mexico-Colorado Coal & Mining Co. v. Baker, 21 N. M. 531, 157 P. 167), or generally unless the evidence is such that no other verdict could be allowed to stand (Young v. Southern Pac. Co., 34 N. M. 92, 278 P. 200).

Two questions are raised by appellant: First, that the court erred in directing a verdict for appellees, in that there was evidence sufficient to establish that the appellee was negligent and that such negligence was the proximate cause of the injury resulting in the death of Clymer; and, second, that assuming that appellee was not negligent, still the court erred in instructing a verdict because appellant was entitled to recover under the terms of the Workmen's Compensation

Act, as at the time of the injury the deceased was upon the premises of the employer, returning from work over the most practical and usual route traveled by him and other employees, and under such facts appellant was entitled to judgment whether or not Clymer's death was caused by the construction company's negligence.

2. In regard to the second point, appellant stated in his brief, at page 27: "This court has considered subsection (*l*) of section 156-112 of the 1929 Compilation, in the case of Cuellar v. American Employers' Insurance Company of Boston, 36 N. M. 141 [9 P.(2d) 685], and if the opinion of the court in that case is taken as a correct statement of the law, the trial court was correct in holding as it did, that proof of negligence was necessary in this case."

We concur with appellant in the above statement. The case mentioned determines the second issue against appellant.

3. The only question remaining is whether or not there was sufficient proof of negligence on the part of the defendant for its submission to the jury under the authorities we have cited.

It is claimed by appellant that a jury would be warranted in inferring from the facts stated that the proximate cause of the death of Leslie Clymer was the negligence of the driver of the empty truck, in that prior to and at the time of the collision, he was coasting with his car out of gear and therefore not under control; and, further, that had he used deligence in looking ahead he could have seen the car of the deceased before the accident and in time to have avoided it.

Considering the first proposition and assuming, without deciding, that it is negligence to coast (the accident did not occur on a highway and the penal highway statutes do not apply), the testimony shows that the empty truck was traveling at twenty-five or more miles per hour and the loaded truck at thirty-five miles per hour (appellant claims that the former was traveling at least forty-four miles an hour); the deceased was traveling at a greater speed than thirty-five miles an hour, for he had started to pass the loaded truck. The cars then were moving towards each other at a speed of not less than sixty miles an hour or about eighty-eight feet per second. The undisputed testimony shows that the driver did not see the deceased's car until he was within ten feet of the loaded truck and must have been within fifteen or twenty feet of the deceased Clymer's car, or within less than a second before the collision—too late for the driver to have avoided the accident even if the car had been in perfect control.

As to the claim that it was negligence on the part of the driver of the

empty truck not to have seen the deceased's car sooner (cars could have been seen more than a mile away as he came down the hill), we will assume, without deciding, that such was negligence; yet this driver could not be charged with knowing that the deceased might or would attempt to pass the loaded truck while his vision was obscured by a cloud of dust so that he could neither see nor probably be seen at any considerable distance; nor was it negligence on his part to assume that the road was clear, so that he could pass without colliding with the deceased's car, even though he had known it was behind the loaded truck. He was driving on the proper side of the road and could well assume that while the cars were passing the deceased would continue to follow, and not turn suddenly in front of him, challenging disaster and death.

Assuming, therefore, that constributory negligence is not available as a defense, as appellant contends (Comp. St. 1929, § 156-106), still we fail to find in the record any substantial evidence from which the jury would have been authorized to infer negligence on the part of the appellee construction company.

Finding no error in the record, the judgment of the district court is affirmed and the cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.