In the Matter of the Claim of HELEN BROWNE, Respondent, against MARVEL TRANSPORTATION Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased was a night taxicab operator in New York city. On September 15, 1933, at about five-thirty P. M., he left his employer's place of business, with a cab, to engage in his regular occupation. No witness sworn saw him alive thereafter. About noon the next day the cab was found on Fifty-fourth street, near the East river. Five days later his body was found in the river at Fifty-ninth street. Two wallets, found in his pockets, contained no money. A ring which he had worn was missing. It was an unwitnessed accident. The Board applied the doctrine of *Matter of Norris* v. *N. Y. C. R. R. Co.* (246 N. Y. 307). Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JAMES WHITE, Respondent, against AMERICAN BRIDGE COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was a bridge worker, and while using a reamer the bit became fouled in the hole and flew out, and struck the claimant over the eye. The reamer was being operated under air pressure of 130 pounds and the bit that struck claimant weighed about one and one-half pounds. It knocked him down and rendered him unconscious temporarily. The question is whether there is causal relation between the injury and the loss of use of left eye. The medical testimony raised a clear question of fact as to the causal relation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of DANIEL FOLEY, Respondent, against CAMMEYER, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Deceased employee was an elevator operator. He was found dead in the bottom of pit of the freight elevator on Christmas day. He was working and was last seen alive on December twenty-third, at five-forty-five P. M. He died from injuries received from falling into the shaft. The accident was unwitnessed. An award is appealed from on the ground that the death of the deceased did not result from an accident arising out of and in the course of the employment, and that the death resulted solely from intoxication while on duty. The evidence is sufficient to sustain the award. The brief of the attorney for the claimant has been found helpful. Award unanimously affirmed, with costs to be divided between the State Industrial Board and the claimant. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.