In the Matter of the Claim of GUSTAVO MOTTO, Respondent, against CHESA-PEAKE HOUSE, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award by the State Industrial Board in claimant's favor. The employer was engaged in conducting a restaurant. Claimant was employed by it as a busboy. Part of claimant's duties required him to ascertain if palm trees were on the terrace of employer's premises and if so to bring them within the building. The State Industrial Board found that on October 1, 1936, while claimant was engaged in the regular course of his employment and while working for his employer and while he was going out on the terrace, he slipped and fell and as a result sustained accidental injuries consisting of a comminuted fracture of the great trochanter and upper third of the shaft of the right humerus with dislocation of the head, and that such disability is the result of accidental injuries. There is evidence to sustain the finding. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of RUTH SHERMAN, Respondent, against LUSTIG & WEIL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Employer and carrier appeal from an award upon the grounds that the Workmen's Compensation Law did not apply to an injury received on Hoffman's Island. The territory was, on December 29, 1920, with the consent of the State of New York, conveyed to the United States government. The New York State Workmen's Compensation Law went into effect in 1914 prior to the conveyance. The statutes enacted by the State of New York before the territory was ceded remain in force until displaced by Congress. (*Kaufman* v. *Hopper*, 220 N. Y. 184; *McCarthy* v. *Packard Co.*, 105 App. Div. 436; affd., 182 N. Y. 555; *Fort Leavenworth Railroad Co.* v. *Lowe*, 114 U. S. 525, 537.) The award may be sustained on the further ground that the employer in his contract with the United States government bound itself to " provide adequate workmen's compensation insurance for all labor employed on the project who may come within the protection of such laws." There was no Federal statute at the time of the injury which gave to the employee the benefit of workmen's compensation. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ANNA SULLIVAN, Respondent, against B. T. WOODLE, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits. Deceased was employed as a general caretaker. When last seen alive he was engaged in his employment and was later found on his employer's premises, dead from a gun shot wound. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.