173 P.2d 720

## ANDERSON v. ALLEN.

No. 4940.

Supreme Court of New Mexico.

Oct. 23, 1946.

Neal & Girand, of Hobbs, for appellant.

Harris & Williams, of Hobbs, for appellee.

LUJAN, Justice.

This is an action to recover rent alleged to be due upon an oral grazing lease.

The case was tried by the court, without a jury, and judgment was entered in favor of appellee for the full term claimed, and appellant appeals.

The following are the trial court's findings of fact and conclusions of law:

"1. That during the month of December, 1943, Plaintiff and defendant entered into a verbal contract for the leasing by the Plaintiff to the Defendant of the grazing land described in Plaintiff's complaint, under the terms of which the defendant agreed to use said grazing land for the period of time beginning January 1, 1944, and ending May 1, 1944, and to pasture upon said land during all of said period of time not less than 325 nor more than 330 head of cattle, and to pay as the consideration for the use of said leased premises the sum of 75 cents per head per month for the cattle so pastured or agreed to be pastured during the term of the lease.

"2. That pursuant to said contract, the Defendant entered upon and took possession of said leased premises and used the same pursuant to the contract for a limited period of time, but that before the expiration of the lease term, the defendant removed his cattle from the premises and abandoned the property.

"3. That the Plaintiff, after notice of such abandonment of said premises by Defendant, made effort to secure another lessee, and to secure other livestock for pasteurage upon said premises during the remaining period of the lease between the Plaintiff and Defendant; but that he was unable to do so.

"4. That no part of the rental consideration has been paid, although the Defendant did tender a check for $113.00 which was refused because it was offered in full settlement. That under the terms of the contract the Defendant is indebted to the Plaintiff in the sum of $975.00.

"Conclusion of Law

"1. That the Plaintiff is entitled to judgment against the Defendant in the sum of $975.00 and for his costs in this action."

Defendant assigns four errors which are grouped for argument under one point, as follows: It was the duty of Anderson, as

landlord, to procure a tenant after the premises had been vacated by the defendant Allen and mitigate or extinguish the damage if he could do so. This is an affirmative defense and appellant should have pleaded it in mitigation of damages if he was intending to rely upon it. He did not plead in mitigation of damages nor did he introduce any testimony on the question.

In the case of Higgins v. Cauhape, 33 N. M. 11, 261 P. 813, 814, considering an appeal from a judgment for an unpaid balance growing out of an oral contract for a grazing privilege, the trial court found that plaintiff made no effort after breach of contract to mitigate the damages by leasing the salt grass to other persons, and we stated:

"Appellant contends that, having so found, the court erred in giving judgment for the full amount of the balance. The trouble with this position is twofold: Appellant did not plead in mitigation; nor did he produce any competent evidence tending to show what amount, if any, appellee, by reasonable effort, might have realized from the grass."

For other cases holding to the same effect see: Federal Reserve Bank of Dallas v. Upton, 34 N.M. 509, 285 P. 494; McMichael v. Price, 177 Okl. 186, 58 P.2d 549; Sharpless Separator Co. v. Gray, 62 Okl. 73, 161 P. 1074; Rich v. Daily Creamery Co., 296 Mich. 270, 296 N.W. 253, 134 A.L.R. 232, and annotation thereto; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co., Tex.Civ.App., 271 S.W. 145; McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618; Moore v. Shell Oil Co., 139 Ore. 72, 6 P.2d 216; DeWiner v. Nelson, 54 Idaho 560, 33 P.2d 356.

In the case at bar, appellant did not plead in mitigation of damages nor did he offer any evidence tending to show by what amount, if any, appellee, by reasonable effort, could have reduced his damages by leasing the pasture for the unexpired period of the lease. Notwithstanding such omission, some evidence was introduced by appellee tending to show that he had endeavored to rent said pasture for the unexpired term, and the court made a finding to this effect.

We hold, that appellant, not having pleaded in mitigation of damages, cannot now rely on it as a defense.

Finding no error, the judgment will be affirmed and the cause remanded, with direction to the district court to enter judgment against appellant and his supersedeas sureties, and it is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and HUDSPETH, JJ., concur.