188 P.2d 343

## MEDINA v. NEW MEXICO CONSOLIDATED MIN. CO. et al.

### No. 5050.

Supreme Court of New Mexico.

Dec. 22, 1947.

Vincent M. Vesely, of Silver City, for appellant.

Woodbury & Shantz, of Silver City, for appellee employer.

Hubert O. Robertson, of Silver City, for appellee insurer.

COMPTON, Justice.

Appellant, Ann Medina, instituted suit against appellees, New Mexico Consolidated Mining Company, employer, and London Guarantee and Accident Company, Limited, its insurer, in a proceeding under the New Mexico Workmen's Compensation Act, section 57-913, 1941 Comp., to recover compensation on account of the death of her husband, Ignacio Medina, occurring on January 19, 1946. The case was tried to a jury and at the conclusion of the testimony a motion for an instructed verdict was sustained and judgment entered accordingly. From the adverse judgment appellant appeals.

Ignacio Medina, at the time of his death, was regularly employed as a "shift" boss at the Copper Flats Mine of the employer. The workings of the mine are upon two levels, 400 and 200 feet, respectively, and connected by a manway. Access to the upper level is gained by climbing an almost verti-

cal ladder, with offsets as safety devices, a distance of 130 feet through the manway, thence up an 80 foot drift to a cross-drift, where the current mining operations at that level are conducted. The cross-drift extends approximately 120 feet to the left and 500 feet to the right. The left was unused at the time, except possibly for storage of old timbers. To the right, a distance of 500 feet, is located an over-night powder magazine where all dynamite is supposed to be stored.

The previous day, the deceased and a group of four employees, mined on the 200 foot level, which necessitated blasting. When the day's work was done, fuses and caps were placed in the left drift, and a partial box of dynamite was left by Medina in the right drift, at a distance of approximately 300 feet, near a well-traveled path extending from the entrance of the mine to the powder magazine. Due to his contract of employment, Medina was vested with the discretion to work in and about the mine wherever his services were needed or required. If unsafe conditions were found, it was his duty to correct them and report such conditions to the superintendent. On the day in question, they were to work on the lower level reinforcing the mine with timber. They usually worked in pairs, except Medina. The group had their noonday meal together, and about 1:30 P.M., or shortly thereafter, Medina was seen walking towards the manway which led to the up-

per level. Some time later they heard the report of one or more blasts from that level, but gave it no concern until he did not appear at quitting time. A search was made and his body, without the head, was found at or near the entrance of the mine. Near the body was a box of dynamite recently opened, with two or three sticks of dynamite missing. The deceased was wearing a miner's safety hat, fragments of which were scattered over a wide area. The walls and ceiling near the body were spattered with blood. Several feet away from the body a fuse with battered end was found.

Appellant filed her claim, alleging that Medina's death arose out of and in the course of his employment and asked judgment accordingly. By answer, appellee denied that the injury, resulting in the death of Medina, arose out of and in the course of his employment.

The question presented for our determination is whether there is substantial evidence that would support a verdict for appellant.

When it is error for the trial court to direct a verdict, has been announced in various ways (Federal Land Bank v. Upton, 34 N.M. 509, 285 P. 494; Melkusch v. Victor American Fuel Co., 21 N.M. 396, 155 P. 727; New Mexico–Colorado Coal & Mining Co. v. Baker, 21 N.M. 531, 157 P. 167; Young v. Southern Pac. Co., 34 N.M. 92, 278 P. 200) and we also held that it is error for the trial court to direct a verdict for the defendant

if there is substantial evidence that would support a verdict for plaintiff. Caviness v. Driscoll Const. Co., 39 N.M. 441, 49 P.2d 251.

■ "Where there is substantial evidence that the death of an employee resulted from accident and that the accident occurred during his hours of work, at a place where his duties required him to be, or where he might properly have been in the performance of such duties, the jury or other trier of the issues of fact may reasonably conclude therefrom, as a natural inference, that the accident arose out of and in the course of the employment." Southwestern Portland Cement Co. v. Simpson, 10 Cir., 135 F.2d 584, 588; cf. McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867; Sullivan v. Suffolk Peanut Co., 171 Va. 439, 199 S.E. 504, 120 A.L.R. 677; Tewes v. Industrial Commission, 194 Wis. 489, 215 N.W. 898; Lewis v. Industrial Commission, 178 Wis. 449, 190 N.W. 101, 25 A.L.R. 139.

■ Suicide, as a defense, was not an issue in the case, but it is now claimed that as the evidence shows that the injury was intentionally self-inflicted, such evidence is admissible to rebut the presumption of accidental death upon the premises. This must be conceded to be the rule. But suicide is an affirmative defense and the party asserting this issue has the burden of establishing the fact by a preponderance of the evidence. Whether a violent death is accidental or suicidal, the law presumes that it is accidental until the contrary is shown by a preponderance of the evidence. Thus, supporting appellee's claim is the presumption against suicide. DeBruler v. City of Bayard, 124 Neb. 566, 247 N.W. 347. This presumption, though not conclusive, is sufficient unless rebutted by substantial evidence, to support an award for compensation. Hepp v. Quickel Auto Supply Co., 37 N.M. 525, 25 P.2d 197.

■ We do not attempt to explain the death. To do so leads to speculation, conjecture and surmise. Here, as in most death cases, the dependent is deprived of her best witness, the employee himself. However, the essential facts necessary to a recovery need not be proved by direct evidence, but may be established by reasonable inferences drawn from proven facts.

■ There was evidence of the following: Medina had a 9 year old daughter; there was no domestic trouble; he was the owner of a modest adobe home; he was jovial and talkative, except when at work. He had a small current life insurance policy; he manifested no signs of worry, and there was no apparent cause for suicide.

When the Deputy State Inspector of Mines made an investigation the morning following the accident, no parts of burned matches, fuse nor other circumstance was found tending to establish an intentional self-inflicted injury. The battered fuse and

freshly opened box of dynamite are not without significance.

As we appraise the evidence, the death of Medina is unexplained  An unexplained death is not without its perplexing problem, but awards, generally, have been sustained in such cases.

In Browne v. Marvell Transp. Co., 246 App.Div. 659, 283 N.Y.S. 209, an award was sustained, as within the scope of employment, where the body of a truck driver was found in a river with his valuables missing.

In Sullivan v. Woodle, 252 App.Div. 906, 299 N.Y.S. 824, inferences were sufficient to sustain an award where a general caretaker was found dead from a gunshot wound upon the premises of his employer.

Similarly, in Sawyer's case, 315 Mass. 75, 51 N.E.2d 499, an award was sustained where a truck driver was found fatally burned near the truck in which a soldier "pick-up" was in the front seat, also fatally burned. The contention was that the soldier was the driver at the time, and that the death of the employee was without the scope of his employment.

A leading case on "unexplained death" is Krell v. Maryland Drydock Co., 184 Md. 428, 41 A.2d 502, citing cases. There the husband was last seen hurrying on the job near a waterfront, with proof he did not leave by the only gate-exit, with no cause for suicide, it was held sufficient with other similar circumstances, to sustain an award for "accidental drowning", though the body was never found. For the latest cases in basic principles of Workmen's Compensation, see "Current Trends" by Samuel B. Horovitz. XII Law Soc. J., 465.

It is our opinion that an inference that Medina was engaged in the performance of the duties as required by the contract of his employment, and that there was a causal connection between the condition under which he worked and the resulting injury, was warranted by the evidence, if the jury should so determine. Consequently, it was error for the trial court to direct a verdict for appellees.

The judgment will be reversed with direction to the trial court to reinstate the case upon its docket, grant appellant a new trial, and proceed in a manner not inconsistent with the views here expressed.

And, it is so ordered.

LUJAN, SADLER and McGHEE, JJ., concur.

BRICE, C. J., did not participate.