## In the Matter of EDNA ELVIRA LARSON.

An order directing a further return to a writ of *habeas corpus* or *certiorari*, issued under the Code of Civil Procedure (§§ 2015 *et seq.*), to inquire into the cause of detention of a person, is not appealable (§ 2058); and the General Term of the Supreme Court has no authority to review it.

Where, upon appeal from order of the General Term reversing such an order, the appeal papers did not show that the objection to its jurisdiction was raised before that court, *held*, that it could be raised here.

*In re Larson* (31 Hun, 539), reversed.

(Argued June 19, 1884; decided June 27, 1884.)

THE nature of the appeal and the material facts are stated in the opinion.    (Reported below, 31 Hun, 539.)

*George W. Miller* for appellant.    The order of Mr. Justice BARRETT was not appealable to the General Term.    (Code, § 2058.)    The order of General Term being final and dismiss-

ing the proceeding is appealable to this court.  (Code, § 2058.) The order for a further return was properly granted and was strictly in pursuance of the statute as well as in accordance with justice, the return made being defective and insufficient. (Code, § 2026; R. S., chap. 8, art. 2, part 2; Laws of 1873, chap. 830; Laws of 1849, chap. 244.)

*Edward Gebhard* for respondent.  Before either writ can issue, it must be made to appear that the person in whose behalf the writ is asked is imprisoned or restrained of his liberty.  (Code of Civ. Pro., § 2019, subd. 6.)  The mother having abandoned or neglected to provide for it, the child became the ward of the Home for the Friendless.  (Laws of 1849, chap. 244, § 8.)  The right of parents to the custody of their children is not absolute under all circumstances.  (32 Ohio, 299; 52 Mo. 357; *Pool* v. *Gott,* 14 L. R. 269; *Dumain* v. *Swinne,* 10 Allen, 270; 26 Alb. L. J. 27–44.)

PER CURIAM.  This is an appeal from an order of the General Term of the Supreme Court, in the first judicial department, made December 25, 1883, reversing an order of Mr. Justice BARRETT, directing a further return to the writs of *habeas corpus* and *certiorari* issued by him on behalf of the appellant, to inquire into the cause of detention of an infant, the child of said appellant, and that the respondent, the Home of the Friendless, in such further return, disclose to whom, at what time, for what cause, and by what authority the transfer of the custody of Edna Elvira Larson, the infant named in such writs, was made.

The main question involved as to the validity of the order referred to is disposed of by the preliminary objection of the appellant.  It is insisted that the order of Mr. Justice BARRETT was not appealable to the General Term, and we are unable to see any answer to this objection.  Under the provisions of the Code (§ 2058), which authorize an appeal in cases of this character, it is provided as follows: " An appeal may be taken from an order refusing to grant a writ of *habeas corpus*

or a writ of *certiorari*, as prescribed in this article, or from a final order, made upon the return of such writ, to discharge or remand a prisoner or dismiss the proceedings. When a final order is made to discharge a prisoner upon his giving bail, an appeal therefrom may be taken before bail is given ; but where the appeal is taken by the people the discharge of the prisoner upon bail shall not be stayed thereby. An appeal does not lie from an order of the court or judge before which or whom the writ is made returnable, except as prescribed in this section." This is not an appeal from an order refusing to grant either of the writs named, nor is it from a final order made upon the return of such writs as provided. It is very manifest that the order from which the appeal is taken is not embraced within the provisions of the section cited. The order in question only required a further return to the writs, and upon such an order no appeal lies, and the General Term had no authority to entertain the appeal, or to determine whether the judge was authorized to make the order in question.

The appeal papers would not necessarily show that this point was made at the General Term ; but whether it was urged or not, no reason exists why it cannot be raised upon this appeal.

As the General Term erred in reversing the order of the judge and dismissing the proceeding, the order must be reversed and the appeal to the General Term dismissed.

All concur.

Ordered accordingly.