50    351
80    291

## WASHAW V. GIMBLE.

1. PARENT AND CHILD: *Custody of child.*

Although a father's paramount right to the custody of his child may be forfeited by his conduct, an agreement on his part to deprive himself of such right is against public policy and not strictly enforceable.

2. SAME. *Same: Habeas corpus to obtain.*

The mother of an infant boy having died when he was only a day or two old, the pastor of the church to which she had belonged appealed to members of the congregation, present at her funeral, to find for the infant a home. This was done at the instance of the plaintiff, who is the father of the child, and whose daughters were then too young to assume the care of an infant. The defendant's wife, being one of those thus appealed to, with the defendant's assent, took the child to their home, where he has been treated as one of their own children. The plaintiffs daughters having grown to womanhood and the boy having reached the age of four and a half years, the plaintiff

Washaw v. Gimble.

demanded his custody; but the defendant refused to surrender him.   On *habeas cor-pus* by the father, to obtain such custody, the proof tended to show that while the plaintiff was a moral man and worthy to assume the education and control of his child, the advantages to an infant of tender years were with the defendant's family. The circuit judge remanded the boy to the defendant's custody, but not for any fixed period, nor by an order which precludes the father from repeating his application in the future.   *Held :*   That the plaintiff ought not to be permitted suddenly to sunder the ties he has allowed to grow up between the defendant's family and the infant ; and, as the order of the circuit judge, who had the parties, the child and the witnesses before him, does not appear to have been an abuse of that discretion which it was his province to exercise, it should be affirmed.

*Certiorari* to *Pope* Circuit Court.
GEO. S. CUNNINGHAM, Judge. -

*Jeff Davis,* for appellant.

1. The father is the natural guardian of his infant, and entitled to its custody. 37 *Ark.,*29. In a contest with a stranger the father's right is absolute, if he is a proper person to be entrusted with it.   The interest of the child alone will not govern.

2. Contracts by which a father parts with the care and custody of his child are against public policy and void, and he can reclaim it.   *Schouler Dom. Rel.,* sec. 343; 45 *Am. Dec.,* 399 ; 38 *Id.,* 644 ; 34 *Ind. St.,* 168.

No time being specified as to how long appellee should keep the child, the father could retake it at any time.   44 *N. H.,* 321; 34 *Ind.,* 168; 22 *Ark.,* 92.

*A. S. McKennon,* for appellee.

1. The testimony is conflicting, and *habeas corpus* is prosecuted by ordinary proceedings, and the determination of the case upon the facts has the effect of a verdict of a jury.   16 *N. W. Rep.,* 91 ; 43 *Iowa,* 653 ; 47 *Id.,* 435.

Washaw v. Gimble.

2. The evidence preponderates to show that: first, appellant relinguished the custody of the child to appellee; and second, the best interests of the child require that his custody should not be changed.

3. If appellant surrendered custody of the child to appellee he cannot claim the interference of a court to restore him against the will of appellee. 5 *Wait. Ac. and Def.*, 42-3; 40 *Am. Rep.*, 321; 26 *Kan.*, 650; 16 *N. W. Rep.*, 91. Courts will not remand a child to its father's custody when it is for the best interest of the child to remain. *Cooley Const. Lim.*, 426; 4 *N. W. Rep.*, 213. The right of parents is not absolute under all circumstances. 16 *N. W. Rep.*, 91; 32 *Ohio St.*, 299. Their parental right must yield to the feelings, interest and rights of other parties acquired with their consent. *Ib.*

A parent can, by agreement, surrender the custody of his infant child so as to make the custody of him to whom he surrenders it legal. *Tyler Inf.*, 283; 14 *Law Rep.*, 269; 6 *Greenl.*, 643; 8 *Johns.*, 253; 45 *N. H.* 15; 10 *Allen*, 270; 4 *Brewst.*, 409; 1 *Phil.*, 194; 26 *Kan.*, 650; 19 *Wisc.*, 274.

See also 37 *Ark.*, 27, as to the sudden breaking of ties which have sprung up, with the father's consent.

COCKRILL, C. J. This is a controversy about the custody of a child four and a half years old. The parties are all members of a German Lutheran colony in Johnson county, and are neighbors. The child's mother, who was the appellant's wife, died when it was only a day or two old. The father had children by a former wife, but his daughters, who were the only females in his family, were too young to undertake the responsibility of rearing the infant. At the funeral services of the mother the pastor of the congregation to which she had belonged, at the instance of the father,

Washaw v. Gimble.

appealed to the members of his flock to find a home for the infant. After some hesitation, the appellee's wife, with his assent, took the child, then only three days old, carried it to their home, and there it has not felt the want of a mother's care and tenderness. The appellee has children of his own; the little stranger was taken in as one of their number, and ties of affection have grown up between them as of one family. The father's daughters, who are living with him, have grown into womanhood, and, one of them having recently married, he feels that he can now provide a home for his infant boy, and demands his custody. The appellee and his family are unwilling to part with him and refused to surrender him. The appellant institutes this proceeding, by *habeas corpus*, for the custody of his child. The circuit judge, after a hearing, remanded the boy to the custody of the appellee, and we are asked to review his finding.

The appellee contends that the child was taken into his family upon the express understanding that it was to remain permanently and be reared by him as his own, and that the agreement was several times confirmed by the father. The father asserts that he intended to part with his child only during its helpless infancy and until his own home should become a suitable place for it.

The testimony is conflicting as to what the intention of the father was, though it preponderates in favor of the appellee's statement. We do not deem that material, however. The custody of a child is not the subject of gift or barter. A father cannot, by a mere gift of his child, release himself from the obligations to support it or deprive himself of the right to its custody. Such agreements are against public policy, and are not strictly enforceable. *Beller v. Jones*, 22 *Ark.*, 92; *Chapsky v. Wood*, 26 *Kan.*, 650; *Regina v. Smith*, 16 *Eng. Law and Eq. Rep.*, 221; *Hochheimer Custody of infants*, p. 20 *et seq.*; *Schouler Dom. Rel.*, sec. 252.

1. PARENT & CHILD: Custody of child.

Washaw v. Gimble.

Consent to the abandonment of a child by legal adoption in pursuance of the statute and the establishing of the relation of master and apprentice, have no relation to the question under consideration,

It is well settled that the father's paramount right may be forfeited by his conduct. *Verser v. Ford*, 37 *Ark.*, 29. The courts will not always aid him in revoking his consent and retaking the custody of his child. In such cases the child's welfare is the cardinal point of inquiry. "Humanity, respect for parental affection and regard for the infant's best interests," says Judge Eakin, in *Verser v. Ford, supra,* are the three guides for the courts when such questions arise. "All three should be considered; neither ought to be conclusive," *Ib.* In this case we cannot say that the father has permitted a state of things to arise which will endanger the happiness of the child in making a change from the home of those who have thus far stood to him in the place of parents; to that of his father and his sisters and brother. The affections of children at such a tender age, are not usually so deeply involved. The affection that has been engendered by association on the part of the family of the foster parents cannot be said to outweigh the strength of the natural ties of duty and love on the part of the father, sisters and brother of the infant. Other things being equal, the preference should be conceded to the latter. It is now, perhaps, a year since the appellant began his effort to obtain the custody of the infant.

The circuit judge had the parties, the witnesses and the child before him, and was charged with the exercise of a sound discretion in disposing of the question.

The proof tended to show that, while the father was a moral man and worthy to assume the education and control of his child, the advantages to an infant of tender years were with the appellee's family, and we cannot say that there

was abuse of discretion, or error in judgment in awarding the custody to the appellee. It was not decided how long the child should so remain, and the order does not preclude the father as the child advances in years, and his daughters, whom he desires to take charge of its nurture, become more experienced, from making further application to obtain the custody of his person. He ought not to be permitted suddenly to sunder the ties he has allowed to grow up between the appellee's family and the infant; and it is best for the latter that he should not be suddenly removed to a new home, for his relatives are now comparative strangers to him. They should have the opportunity of intimate association with the child, in order to gain his confidence and awaken his young affections, and thus smooth the road for the change of homes. Any obstruction to such a course by the appellee, or members of his family, would be an argument to the circuit judge, on a new application, to hasten the change, in order that the child may not be estranged from his father's family, or a prejudice against them lodged in his mind. The tender attention which the appellee and his family have bestowed upon the child should commend them not only to the kind consideration, but the liberality of the appellant.

The order of the circuit judge is affirmed.