[No. 3347.   March 17, 1930.]

[Rehearing Denied April 12, 1930.]

Ex parte PRA.

PRA v. GHERARDINI.

[286 Pac. 828.]

H. M. Rodrick, of Raton, for appellant.

Crampton & Darden, of Raton, for appellee.

OPINION OF THE COURT

CATRON, J:

Petitioner appeals from a decree dismissing writ in habeas corpus proceeding brought to determine the right to the care and custody of a nine-year old boy.

The main facts upon which the decree was based were found substantially as follows: Joseph Gherardini, an illegitimate child, born January 23, 1918, is the son of Genevieve Pra, petitioner, the mother at such time being a minor; petitioner had a sister, Mary Gherardini, wife of respondent, living at Spring Valley, Ill.; on February 24, 1918, the petitioner voluntarily delivered and gave said Joseph to respondent and his wife, at their home in Spring Valley, to be kept, cared for, and reared by them; petitioner has never contributed anything by way of food, clothing, money, or otherwise toward the support, maintenance, and education of the child from said date of delivery to the date of the trial, and has wholly neglected the care, custody, and keeping of said child, leaving same wholly to respondent and his wife, while living, and after her death, to respondent alone; during all of said time the child has been cared for, fed, clothed, and educated, and in every manner treated by respondent and his said wife as if he were their own son; petitioner at no time prior to December 2, 1927, made any claim to the custody and control of said child but, on the contrary, treated and acted toward him as though he were the son of respondent and his said wife; respondent and the child have become greatly attached to and love each other as father and child;

the said child has at all times been given a good home by respondent and has been, and is now, being well cared for, clothed, nurtured, and educated; respondent is 32 years of age, in good health, thrifty, and has ample means to support and educate said child, and he and his present wife, of recent marriage, desire to keep, care for, and educate said child; both respondent and his present wife are persons of good moral character and are fit and proper persons to have the care, custody, and control of the said child.

Petitioner is 26 years of age, has never been married, is an intelligent woman and in good health, is industrious, of good moral character and has, ever since the child was born, been diligent in trying to improve her social condition and increase her earning capacity, and is now a trained nurse, duly registered and capable of earning $175 per month; that the care and custody of the child might, without detriment to the child, be given to the petitioner, but petitioner has no funds or property nor a home to which to take the child and is at the present time without employment; by the nature of her occupation, her time and attention is required at the bedside of the sick and she cannot give her entire time to her child.

The best interest of the child requires that he be left in the custody of respondent.

Upon the foregoing findings, the writ of habeas corpus was discharged and the custody and control of the child was granted to respondent.

Appellant has presented 14 points as grounds for reversal. We believe, however, that the points argued present the three following questions:

(1) The trial court erred in overruling petitioner's motion to award the custody of the child to petitioner, made at the close of respondent's case in chief.

(2) There is no substantial evidence to support the findings of the trial court.

(3) The decree is not responsive to the findings and is contrary to law.

At the close of respondent's case in chief, motion was made to award the care and custody of the child to petitioner, upon the proofs made by respondent. This motion is in effect a demurrer to the evidence. The motion was overruled, and petitioner presented evidence in support of her own case. By so doing, she waived her motion and any error of the court in ruling thereon, if error there was. Federal Reserve Bank of Dallas v. J. N. Upton, 34 N. M. 509, 285 P. 494; State v. Analla et al., 34 N. M. 22, 276 P. 291; State v. Stewart, 34 N. M. 65, 277 P. 22-27; First State Bank of Alamogordo v. McNew et al., 33 N. M. 414-418, 269 P. 56; State v. Vincioni, 30 N. M. 472-476, 239 P. 281.

We have carefully considered all of the testimony and find that there is substantial evidence to support the material findings made by the trial court. We have repeatedly held that we will not disturb findings supported by substantial evidence.

Appellant has proceeded throughout upon the theory that if the petitioner, the mother of the child, be a fit and proper person, she has a paramount right to the custody and control of her child, notwithstanding the best interest of the child demands otherwise. In this, we think appellant is in error. It is well established as a general rule, in cases like the present, that the welfare and best interest of the child are the controlling questions in determining the award of custody.

In 46 C. J. Title, Parent and Child, § 15, we find the following text:

"It is well established as a general rule that the welfare and best interests of the child are the controlling elements in the determination of all disputes as to the custody; and statutes recognizing a right to the custody of the child in either the father or mother must stand aside where the recognition of such a right would materially interfere with the paramount right of the child to have its welfare considered and conserved by the court. The welfare of the child under the above rule may require that its custody be denied the parent and awarded to others. *. * *"

The foregoing text seems to be supported by decisions from practically every state in the Union. A few are: People ex re. Pruyne v. Walts, 122 N. Y. 238, 25 N. E.

266; People ex rel. La Forte v. Rubin (Sup.) 98 N. Y. S. 787; United States ex rel. Schneider v. Sauvage (C. C. Pa.) 91 F. 490; Peese v. Gellerman, 51 Tex. Civ. App. 39, 110 S. W. 196; Schneider v. Schwabe (Tex. Civ. App.) 143 S. W. 265; Chapsky v. Wood, 26 Kan. 650, 40 Am. Rep. 321; Luellen v. Younger, 194 Ind. 411, 133 N. E. 495, 143 N. E. 163; Richards v. Collins, 45 N. J. Eq. 283, 17 A. 831, 14 Am. St. Rep. 726; Greene v. Walker, 227 Mich. 672, 199 N. W. 695; Cunningham v. Barnes, 37 W. Va. 746, 17 S. E. 308, 38 Am. St. Rep. 57; Fletcher v. Hickman, 50 W. Va. 244, 40 S. E. 371, 55 L. R. A. 896, 88 Am. St. Rep. 862; Stringfellow v. Somerville, 95 Va. 701, 29 S. E. 685, 40 L. R. A. 623; Washaw v. Gimble, 50 Ark. 351, 7 S. W. .389; Hoxsie v. Potter, 16 R. I. 374, 17 A. 129; Clark v. Bayer, 32 Ohio St. 299, 30 Am. Rep. 593.

Every case involving the care and custody of a minor child must of necessity turn upon the particular facts and circumstances established in each case. The award might be granted to either parent, a foster parent, or even a stranger. The authorities disclose a great diversity in this respect which, however, is natural when the welfare and best interest of the child are the controlling questions.

Appellant has cited three New Mexico cases in support of her contention, Bustamento v. Analla, 1 N. M. 255; Focks v. Munger, 20 N. M. 335, 149 P. 300, L. R. A. 1915E, 1019, and Ex parte Wallace, 26 N. M. 181, 190 P. 1020.

Appellee points out that these cases are not in point. All of these cases do, however, recognize the correctness of the general rule hereinabove cited and do not, in our opinion, establish any contrary ruling.

From the record before us, there can be no doubt that the welfare and best interest of the child are the controlling questions for determination, and that there is substantal evidence, indeed convincing evidence, that same will be best protected by granting and leaving the care and custody of the minor to respondent.

Finding no error, judgment of the trial court must be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and SIMMS, J., concur.

PARKER and WATSON, JJ., did not participate.