**85 P.2d 75**

**HILL et al. v. PATTON, District Judge.**

**No. 4396.**

Supreme Court of New Mexico.

Nov. 29, 1938.

James A. Hall and Mayes & Rowley, all of Clovis, for petitioners.

Wesley Quinn, of Clovis, and Wilson & Watson, of Santa Fe, for respondent.

HUDSPETH, Chief Justice.

The relators invoke the jurisdiction of this court to compel by mandamus the Honorable Harry L. Patton, judge of the Ninth judicial district, to desist from taking any further proceeding in the matter of the adoption of Billy Dee Hogue.

On July 24, 1937 we affirmed the judgment of the trial court in Crook v. Walker, 41 N.M. 438, 70 P.2d 764, denying the petition of Clarence and Bessie Crook in which they sought to adopt Billy Dee Hogue, the child here involved, and the custody of the child went to the mother, Geraldine Evans. On Aug. 25, 1937, Herbert N. and Elizabeth M. Hill filed a petition in Curry County District Court, Ninth judicial district, as cause No. 5785, to adopt Billy Dee Hogue, alleging the illegitimacy of the child and setting out consent of the mother, and on the same day temporary custody of the child was granted them. Clarence and Bessie Crook, petitioners in Crook v. Walker, supra, who had had custody since its mother left it with them in the year 1934 until it was taken from them under the order of the court and given to the Hills, filed a motion for leave to intervene in the Hills' cause No. 5785, on Sept. 3, 1937. The Hills objected and the motion was denied at a hearing on Sept. 10, 1937, before Hon. Harry L. Patton, respondent herein, at which hearing the Hills and Crooks were present and represented by counsel. On Oct. 30, 1937, the Crooks filed as cause No. 5844, a petition to adopt said child, alleging illegitimacy of the child, nonresidence of the mother and abandonment of the child. On Dec. 16, 1937, temporary custody was granted the Crooks until Jan. 1, 1938. On Jan. 3, 1938, its mother, Geraldine Evans, also known as Geraldine Walker, one of the petitioners herein, filed an answer to the Crooks' petition denying abandonment, pleading res adjudicata as to the alleged abandonment by decision in Crook v. Walker, supra, and affirming consent to adopt given the Hills. At the same time her answer was filed to the Crook petition Geraldine Evans sought, by filing an affidavit in cause No. 5844, pursuant to Ch. 184, Laws 1933, to disqualify Judge Patton from hearing the adoption proceeding, and Herbert N. Hill, on Jan. 3, 1938, filed an affidavit attempting to disqualify Judge Patton in cause No. 5785. On Feb. 2, 1938, Clarence and Bessie

Crook filed a reply to the answer of Geraldine Evans and on April 6, 1938, they filed a motion to strike disqualifying affidavits in both causes. On April 20, 1938, Clarence and Bessie Crook filed motion to strike answer of Geraldine Evans. On April 25, 1938, a stipulation was entered into by the attorneys for the Crooks and the Hills that causes No. 5785 and No. 5844 may be consolidated for purposes of argument, motions and trial. On that day the pending motions were heard and opinion rendered by Judge Patton, who held in effect that Geraldine Evans had no standing in court at the time she made the disqualifying affidavit; that she had assigned her interest by the execution of a written consent that the Hills be permitted to adopt her illegitimate son; that since she is not seeking the custody of the child she is not a proper party, and that she has not been made a defendant and had not been granted leave to plead at the time she made the affidavit seeking the disqualification of respondent. Reference is also made to an agreement filed in this court by which Geraldine Evans consented that the Crooks might adopt the child. That agreement was revoked long before our decision was rendered in Crook v. Walker, supra.

The Hills, prior to the filing of the affidavit by Herbert N. Hill seeking to disqualify Judge Patton, filed petition seeking to adopt the child here involved, were granted temporary custody of it, filed objections to the Crooks' motion for leave to intervene in the Hill petition appeared at a hearing on said motion, and appeared at a hearing before Judge Patton and offered proof on a motion by the Crooks in which the latter sought temporary custody of said child. From the foregoing it clearly appears that the affidavit filed by Herbert N. Hill in cause No. 5784 seeking to disqualify Judge Patton was not timely filed. We have heretofore said that if the one seeking the disqualification has invoked the ruling of the court on a controverted question he is denied the right to have the cause further heard by another judge. State ex rel. Gandert v. Armijo, 41 N.M. 38, 63 P.2d 1037.

Geraldine Evans was named in the Crook petition, but was not made a party to the proceeding nor given notice thereof. Our statute does not specifically provide for notice to the parent. The question arises: Does Geraldine Evans, the mother of the illegitimate child here involved, have a right to be heard on the allegation of abandonment? If she is entitled to be heard, was her affidavit seeking to disqualify respondent timely filed? Sec. 2-112, 1929 N.M.Comp.St.Anno., reads as follows: *"Abandoned children—Consent of parent unnecessary.* Upon satisfactory proof that a child is abandoned and unprovided for by its parents or relatives, the probate judge shall permit such child to be adopted without the consent of its parents or relatives, upon the execution of the agreement hereinbefore required of the applicant."

Sec. 2-105, 1929 N.M.Comp.St.Anno., provides that "An illegitimate child can-

not be adopted without the consent of its mother, if known or capable of consent. * * * "

It is plainly right that a parent charged with abandonment be heard upon that issue in the adoption proceeding at any time prior to the entry of the decree regardless of the state of the pleadings. In 2 C.J.S. Adoption of Children, 410, § 30, it is stated: "e. Notice of Proceedings * * * Under a statute providing that the consent of a parent who has abandoned the child is unnecessary for its adoption, but containing no express provision requiring notice to a parent that he or she may be heard on the question of abandonment, it has been held that without actual or constructive notice no conclusive adjudication could be made against the parent on that issue, but the order of adoption, however, if made without such notice, is not void, or voidable, because of the parent's right to attack it, and the order is valid, unless the finding of abandonment was erroneously made. The reason for this holding is that natural parents are entitled to their day in court on the issue of whether or not the jurisdictional allegation of abandonment is true. * * * " (citing N. Y. cases).

Our statute is the same as those referred to in the foregoing section. In Re Clarke, 145 Misc. 660, 260 N.Y.S. 750, 756, quoting from Matter of Bistany, 209 App.Div. 286, 291, 204 N.Y.S. 599, 602, affirmed in 239 N.Y. 19, 145 N.E. 70, the court said: "* * * 'the primal instincts and the natural and legal rights of the parents may not be lightly brushed aside' * * * and 'the natural parents are entitled to their day in court on the issue of whether or not the jurisdictional allegation of abandonment was true. This right has been held to exist under the Fourteenth Amendment of the Constitution of the United States [U.S.C.A.Const. Amend. 14]' (Matter of Davis, 142 Misc. 681, 689, 255 N.Y.S. 416, 425)."

The New York Surrogate's Court in Re Davis' Adoption, 142 Misc. 681, 255 N.Y.S. 416, said [page 425]: "The situation is succinctly stated in Matter of Johnston, 76 Misc. 374, at page 376, 137 N.Y.S. 92, 94: 'To confer jurisdiction upon the surrogate to make the order confirming such adoption, it was necessary to obtain the father's consent, or the fact of abandonment must exist.' "

In People v. Feser, 195 App.Div. 90, 186 N.Y.S. 443, the court said [page 447]: "It thus appears that the statute authorizes an adoption without consent of the surviving parent, if such surviving parent has abandoned the minor child. The statute contains no express provisions requiring notice to the parent in order that he may be heard on the question of whether or not he has abandoned the child, but manifestly without such notice, either actual or constructive, an adjudication cannot be made that will be binding on the parent on that issue. Matter of Livingston, 151 App.Div. 1, 135 N.Y.S. 328; People ex rel. Simpson Co. v. Kempner, 154 App.Div. 674, 139 N.Y.S. 440; Stuart v. Palmer, 74 N.Y. 183, 30 Am.Rep. 289; Modern Loan Co. v.

Police Court, 12 Cal.App. 582, 108 P. 56; Matter of Johnston, 76 Misc. 374, 137 N.Y.S. 92. In many instances it would be impracticable, if not impossible, to give notice of a hearing, on such an. adoption proceeding, to a parent who has abandoned a child, for often the parents are unknown and their whereabouts is unknown, and since the duty devolves on the state to care for such children, it was competent for the Legislature to provide for their adoption without the consent of or notice to the parent, at least when such notice could not be given, on satisfactory proof of the facts the Legislature deems sufficient. All the facts on which the Legislature dispensed with consent, except abandonment, are matters of record, which could not well be controverted, namely that the parent had been deprived of his civil rights or divorced for adultery or cruelty, or adjudged insane or to be an habitual drunkard or duly adjudged to be deprived of the custody on account of cruelty or neglect. But a parent who has not been heard on the issue of such abandonment, which might have been controverted, cannot be concluded by the ex parte determination, and must be afforded a hearing thereon, either by direct application to the judge who made the order, or, as here, in a habeas corpus proceeding. Matter of Livingston, supra; Matter of Moore, 72 Misc. 644, 132 N.Y.S. 249; Matter of Larson, 31 Hun 539, reversed on another point, 96 N.Y. 381; People ex rel. Cornelius v. Callan, 69 Misc. 187, 124 N.Y.S. 1074; Matter of Antonopulos, 171 App.Div. 659, 157 N.Y.S. 587. * * *"

Respondent strenuously argues, and the trial court so found, that Geraldine Evans' written consent to the adoption of her child by the Hills constitutes an abandonment—that she now has no interest in the proceedings—and that the giving of such consent gives the court jurisdiction in cause No. 5844, the Crook Case, despite the above quoted provisions of Sec. 2-105 and Sec. 2-112.

Since the appearance of the mother has been entered and the two causes consolidated the court has jurisdiction to dispose of the child as the welfare and best interest of the child may dictate if the issue of abandonment is resolved against the mother. We had these statutes under consideration in Crook v. Walker, supra, in which the court found that the mother was a fit and proper person to have the custody of her child and that she had not abandoned it. In that case we said, 70 P.2d 766: "This court has heretofore said a parent has no property right in their children, and the paramount issue is the welfare of the child. Ex parte Wallace, 26 N.M. 181, 190 P. 1020; Crosby et ux. v. Harral et ux., 35 N.M. 575, 4 P.2d 655; Pra v. Gherardini, 34 N.M. 587, 286 P. 828. And yet all courts recognize that in determining the right to the custody of a child under adoption proceedings that the welfare and best interest of the child is not measured altogether by material and economic factors—parental love and affection must

find some place in the scheme and we all know this item covers a multitude of weaknesses. The trial court by its findings recognized the mother to be, notwithstanding her temporary abandonment of the child prior to the proceedings being filed, a fit and proper person and one who was attached to and wanted her child. * * *"

In Pra v. Gherardini, 34 N.M. 587, 286 P. 828, we said [page 829]: "Appellant has proceeded throughout upon the theory that if the petitioner, the mother of the child, be a fit and proper person, she has a paramount right to the custody and control of her child, notwithstanding the best interest of the child demands otherwise. In this, we think appellant is in error. It is well established as a general rule, in cases like the present, that the welfare and best interest of the child are the controlling questions in determining the award of custody. In 46 C.J. Title, Parent and Child, § 15, we find the following text: 'It is well established as a general rule that the welfare and best interests of the child are the controlling elements in the determination of all disputes as to the custody; and statutes recognizing a right to the custody of the child in either the father or mother must stand aside where the recognition of such a right would materially interfere with the paramount right of the child to have its welfare considered and conserved by the court. The welfare of the child under the above rule may require that its custody be denied the parent and awarded to others. * * *' "

It is here alleged that after the court handed down the opinion in Crook v. Walker, supra, the mother abandoned the child. If that issue stood alone there would be no doubt as to the proper proceeding. The mother would be entitled to be heard and before an impartial judge. Her allegation that she has not abandoned the child must be held to mean that she desires to have its custody in case the petition of the Hills is denied; and in case the court finds that she has not abandoned him his custody will be awarded to her.

A concise statement of the rights of parents with respect to their children is difficult of expression. Prima facie, parents have the right to legal custody of their minor children, but this right is not absolute. It cannot be transferred to the detriment of the child nor can it be commercialized. Mr. Justice Hoar said in Re O'Neal, 3 Am.Law Rev. 578, that "A human being cannot be treated like a piece of property," and that a child is not the property of its parent. In Richards v. Collins, 45 N.J.Eq. 283, 17 A. 831, 14 Am.St. Rep. 726, a controversy over the possession of a child, the court said [page 832]: "* * * its welfare will be the paramount consideration in controlling the discretion of the court. The strict right of the parent will be passed by, if a judgment in observance of such right would substitute a worse for a better custodian. * * *"

Under our statute consent that one person may adopt a child does not give the

court jurisdiction to award it to another. However, the selection of a foster parent is a judicial act and the responsibility is that of the chancellor. As stated in Pra v. Gherardini, supra, " 'The welfare of the child under the above rule may require that its custody be denied the parent and awarded to others. * * * ' " and the mother who has abandoned her child cannot limit the court to any particular petitioner. If it is found that she has not abandoned the child and the Hills' petition is denied custody will be awarded her and both petitions dismissed. If it is found that she has abandoned the child Judge Patton, respondent herein, will proceed to hear the adoption petitions in the consolidated proceedings. It is so ordered.

SADLER, BICKLEY, and BRICE, JJ., concur.

ZINN, J., did not participate.