393 P.2d 12

Roman M. GUTIERREZ, Petitioner-Appellee,

v.

NEW MEXICO DEPARTMENT OF PUBLIC WELFARE, Respondent-Appellant.

No. 7407.

Supreme Court of New Mexico.

June 8, 1964.

Earl E. Hartley, Atty. Gen., John G. Jasper, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

CARMODY, Justice.

The department of public welfare appeals the granting of an adoption decree in which the maternal grandfather was allowed to adopt two little girls.

The department contends (1) that there was no substantial evidence to support a finding made by the trial court, and (2) that the trial court erred in denying the department's motion to amend the same finding and in refusing to enter judgment denying the proposed adoption. The finding which is attacked is as follows:

"6. That the Petitioner, Roman M. Gutierrez, is a proper and suitable person to have the care, custody and control of the said minors, Bonita Jean Gallegos and Melody Ann Gallegos and that it is for the best interests of the said minors that the said Petition of the said Roman M. Gutierrez to adopt them, be granted."

In actuality, the only portion of the finding that is attacked is that part which reads:

" * * * that it is for the best interests of the said minors that the said Petition * * * to adopt them, be granted."

The real issue is whether or not the trial court abused its discretion in granting the adoption because of the uncontroverted evidence concerning the motivation and intention of the petitioner and of the natural mother of the two children.

At the time of the hearing, the petitioner was 66 years of age and sought to adopt his two 8-year-old granddaughters. There was compliance with the statute, insofar as consents are concerned, in that the necessary consents were filed by both the natural mother, age 24, and father of the two children. The mother and father had been separated and an interlocutory decree of divorce entered in California. However, the father had not supported the children to any substantial degree. The wife of the petitioner had died about a year before the filing of the petition for adoption. To all intents and purposes, the children had lived in the home of the grandparents all of their lives and during this same period the natural mother also lived with her parents. During the early part of this period, the children were supported almost entirely by the grandfather, although the mother did receive some limited financial assistance from the department of public welfare. At the time of the hearing and for some time before, the mother had been employed, and some of her earnings were utilized in the support of the family, which consisted of the grandfather, the mother, and the two little girls. The grandfather cared for the children during the day when they were not in school, and the mother supervised them at such times as she was not working. The sole purpose of the proposed adoption was to change the legal parentage of the girls so that the social security benefits would be increased because of the grandfather's entitlement thereto, and perhaps because of the entitlement to some benefits of his deceased wife. The grandfather's present income is approximately $181.00 per month, he owns his own home in a good neighborhood, and it is intended by both the grandfather and the natural mother to continue their present status as regards the children. In other words, the purpose of the adoption is merely to alter the legal status of the children.

We have carefully searched the very brief record and find no evidence as to how the proposed adoption will affect the emotional well-being of the children, nor was there any affirmative testimony as to any feeling by the petitioner of love or affection for the two children. The only evidence which even remotely concerns the best interests of the children in the event the adoption is granted is the testimony that the petitioner will receive an increase in social security benefits.

In an adoption proceeding, the welfare and best interest of a child are not measured altogether by material and economic factors, parental love and affection must find some place in the scheme. In re Hogue, 1937, 41 N.M. 438, 70 P.2d 764; Hill v. Patton, 1938, 43 N.M. 21, 85 P.2d 75. The mere convenience of the person adopting is not determinative. Hahn v. Sorgen, 1946, 50 N.M. 83, 171 P.2d 308. Natural

parents have no property right in their children, and the paramount issue in an adoption proceeding is the welfare of the child. In re Hogue, supra; Hill v. Patton, supra; Barwin v. Reidy, 1957, 62 N.M. 183, 307 P.2d 175. The mere fact that petitioner would receive additional funds which might be applied toward the support of the children, without more, is no basis upon which to grant an adoption. Legal custody of a child cannot be commercialized. A human being cannot be treated like a piece of property. Hill v. Patton, supra.

In our opinion, there was no substantial evidence upon which the trial court could determine that the proposed adoption would be for the best interests of the children. In fact, in many respects, the granting of the adoption might be contrary to the best interests of the children. The effect of an adoption is to legally sever the rights of the natural parent and create an artificial status by judicial determination. Barwin v. Reidy, supra. Thus all the duties and obligations of the mother would be divested and transferred to her father, although the family arrangements would not be changed one iota. The mother recognized this in her testimony; when it was pointed out that she would no longer have any legal rights to the children, she nevertheless said, "Even though I would have no legal rights to the children; *I mean they are mine.*" (Emphasis added.)

We would lastly mention that there is no contention whatsoever that the petitioner's home is not a proper one, nor is there any intimation that either the petitioner or the natural mother is not a proper person to have custody of the children. Nevertheless, under the facts proven, this is an adoption in name only, lacking all of the elements of the complete severance of the children's ties and relationship with their mother contemplated by the law. The proposed adoption is not within the intent of our adoption statutes. Sec. 22–2–1 et seq., N.M.S.A.1953. The best interest of the children, and that which is most productive of their welfare, does not result under these facts from the radical change of status, rights and duties which follow as a matter of law in the granting of an adoption. See General Discussion, 2 Am.Jur.2d, Adoption, §§ 1 and 83–88.

The order decreeing the adoption of the two girls will be reversed and the cause remanded to the district court with instruction to dismiss the petition to adopt. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.