497 P.2d 1404

Petition of Dominico QUINTANA and Alice Quintana to Adopt Deborah Jean Quintana and Marvin James Quintana.

Anastacia Garcia QUINTANA, Appellant,

v.

Dominico QUINTANA and Alice Quintana, his wife, Appellees.

No. 9382.

Supreme Court of New Mexico.

June 9, 1972.

Vaughan, Marek & Paone, Albuquerque, for appellant.

Roberto L. Armijo, Las Vegas, for appellees.

## OPINION

OMAN, Justice.

Appellant, Anastacia Garcia Quintana, mother of the two minor children, has appealed from decrees of adoption whereby the children were declared adopted by their paternal grandparents, the appellees. We affirm.

Deborah was born on January 27, 1963 and Marvin on December 30, 1963. The father of the children is the son of appellees, and he was convicted and sent to prison in the early part of 1965. Soon thereafter appellant left the children with acquaintances. On February 24, 1965 appellees received calls from one of these acquaintances with whom the children had been left and from a sister of appellant advising appellees that appellant had left the children and that they were in need, and inquiring of appellees what they were going to do about taking care of the children.

Appellees thereupon took custody of the children. About this time appellant left Las Vegas, where she, the children and the appellees all lived. She went to Albuquerque to look for work. Appellees have had custody of the children since February 24, 1965 and have fully supported and taken care of them. The petition for adoption of the children was filed on April 15, 1970. The father gave his consent to the adoption. On July 21, 1970 a hearing was held at which one of the principal issues tried and the issue then decided was whether appellant's consent to the adoption should and could properly be dispensed with pursuant to the provisions of § 22–2–6(d), N.M.S.A.1953. Sections 22–2–1 to 19, inclusive, were subsequently repealed by Ch. 222, § 18 of the 1971 Laws of New Mexico.

The statutory provision relied upon for dispensing with appellant's consent stated:

"(d) After diligent search and inquiry, the names of the parent or parents or legal guardian, or their whereabouts, are unknown and cannot be ascertained; or where the parent or parents or guardian have wilfully failed to maintain and support the child, when obligated and financially able to do so, or have been guilty of such cruelty, depravity, abuse, or gross neglect toward the child that, in the opinion of the court, the child should be removed from the custody of such parent or guardian."

Section 22–2–6(d), N.M.S.A.1953.

At the time appellant left the children in 1965 she was nineteen years of age. At the time of the hearing on July 21, 1970 appellees were sixty-four and fifty-seven years of age, respectively. In the decision of the court entered subsequent to said hearing the following appear as a portion of the court's findings and conclusions.

## "FINDINGS

"5. In 1965, Respondent [appellant] left her said children in the care of acquaintances, and soon thereafter Petitioners [appellees] were notified to take said children into their care, which Petitioners did.

"6. The children were undernourished, without adequate clothing and in ill health when Petitioners took them into their care.

"7. The children sought to be adopted have been cared for continuously by Petitioners since 1965.

"8. Petitioners have provided said children with all their needs since 1965.

"9. Respondent resides in Albuquerque, New Mexico, and during the past five years has visited her children infrequently, namely, once or twice a year.

"10. During the past five years, Respondent has not provided for any of the needs of her said children, other than sending an occasional gift or other token of remembrance.

"11. Respondent has given birth to a child since her separation from her husband and is by another man, and this child is now in her custody.

"12. Respondent, during the past five years, has been gainfully employed, or has had other sources of income.

"13. Respondent has for the past five years failed to demonstrate a motherly or parental interest in her two children sought to be adopted by Petitioners.

"CONCLUSIONS

"2. Respondent, Anastacia Garcia Quintana, has been guilty of gross neglect towards her children, Deborah Jean Quintana and Marvin James Quintana.

"3. The consent of Respondent, Anastacia Garcia Quintana, to the proposed adoption of Deborah Jean Quintana and Marvin James Quintana, by Dominico Quintana and Alice Quintana, his wife, should be dispensed with."

The district court thereupon entered an order dispensing with appellant's consent to the adoption and she appealed to this court from the order. The appeal was dismissed. Quintana v. Quintana, 82 N.M. 698, 487 P.2d 126 (1971). The cause was then reinstated on the docket of the district court, and was set for final hearing on the merits on August 27, 1971. The petition for adoption was granted and the decrees of adoption from which this appeal was taken were entered on September 2, 1971.

In addition to receiving evidence at the hearings on July 21, 1970 and August 27, 1971, the district court also received from the Child Welfare Division of the New Mexico Department of Public Welfare a report recommending the granting of the petition of appellees to adopt the children. This report was furnished pursuant to the provisions of § 22–2–7, N.M.S.A.1953.

In addition to the foregoing recited facts, the record shows, without contradiction, that appellant secured work upon going to Albuquerque in February 1965, and has been regularly employed at a salary rang-ing from $55 to $75 per week, and the annual income of appellees, who have supported and cared for the children since February 24, 1965, is $3,000 per year.

■ Appellant relies upon two points for reversal. The first of these is her contention that the facts of this case do not fall within the provisions of § 22–2–6(d), supra, and, consequently, the trial court had no basis for dispensing with the consent of appellant or for granting the decrees of adoption.

The first argument made under this point is that: "Abandonment is not one of the specified situations in our statutory provisions," under which the court can dispense with a parent's consent. This and the other two arguments made under her first point are asserted because the trial court, in the preliminary or factual portion of the Order Dispensing with Mother's Consent, found that appellant had abandoned her two children approximately five years ago. The decretal portion of this order is predicated upon the finding of appellant's guilt of gross neglect towards the children. This finding of gross neglect is consistent with the express language of § 22–2–6(d), supra, and with the trial court's conclusion No. 2 quoted above, which is supported by the above quoted and numbered findings of fact. These findings of fact are in turn supported by substantial evidence. Thus, even if we were to concede there is merit to this first argument, it is of no consequence here.

■ Unquestionably appellant owed her children the duty of support. Section 40A–6–2(B), N.M.S.A.1953 (Repl.Vol. 6, 1964). We know of no reason why the mother's obligation to support her children should be different from the same obligation owed by the father, and the father's duty is " * * * to exhaust his every reasonable resource to meet this obligation resting always upon * * *" him to provide his children support. Wilson v. Wilson, 45 N.M. 224, 114 P.2d 737 (1941). Although appellant's income was not great, it is apparent she could have at least con-

tributed to the support of her children and made some reasonable effort to care for them, rather than completely abandoning her responsibilities to them for a period of five years.

Appellant next argues that "[t]he evidence in this case does not support any conclusion of abandonment, least of all is such proof, if any, clear and indubitable." She relies for support of this argument upon Nevelos v. Railston, 65 N.M. 250, 335 P.2d 573 (1959). Although we are inclined to disagree with her appraisal of the evidence, this question is of no significance here. As already shown above, the district court order is predicated upon a finding and a conclusion by that court of appellant's guilt of gross neglect toward the children, and this finding and conclusion are supported by substantial evidence and by the recommendation of the Child Welfare Division of the New Mexico Department of Public Welfare.

Appellant's final argument under her first point is also insupportable and is of no significance here, because the trial court did not rely solely upon a finding of abandonment, and, even had it done so, we are of the opinion that abandonment does constitute gross neglect, and appellant's gross neglect was not dependent upon her having actual physical custody of the children as she contends.

Appellant asserts as her second point that "[t]he facts of this case completely fail to show that this adoption is in any way beneficial to the welfare or well-being of the children, or in any way in their best interests." Her argument is that the facts in this case are analogous to the facts in Gutierrez v. New Mexico Dept. of Public Welfare, 74 N.M. 273, 393 P.2d 12 (1964), in which this court reversed an order decreeing the adoption by a sixty-six year old grandfather of his two eight year old granddaughters because "[t]he sole purpose of the proposed adoption was to change the legal parentage of the girls so that the social security benefits would be increased because of the grandfather's entitlement thereto, and perhaps because of the entitlement to some benefits of his deceased wife."

The stated purpose for the proposed adoption in the Gutierrez case is in no way analogous to the purposes for the adoption in the case now before us, and we are not here concerned with an adoption in name only. The fact that the natural father of the children, who is the son of appellees, may live close by and continue to see the children as frequently as he did before, in no way detracts from the legal relationship established by the adoption or the benefits thereby conferred on the children. The record in the case before us supports the recommendation of the Child Welfare Division of the New Mexico Department of Public Welfare that the adoption be granted and the judgment of the district court in entering the decrees of adoption.

The decrees of the adoption should be affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, J., concur.