794

MARY RAINER AND TOM RAINER *v.*
PAT ROWLETT

73-181 502 S.W. 2d 617

Opinion delivered December 24, 1973

*Guy H. Jones, Phil Stratton* and *Guy Jones Jr.,* for appellants.

*Brazil & Roberts,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Pat Rowlett, brought this suit against her parents, the appellants Tom and Mary Rainer, to obtain the custody of Pat's four-year-old daughter, Janet Diana Rainer. The appellants, relying upon an oral contract with Pat, defended the suit upon the theory that they had "equitably adopted" the infant. The chancellor attached scant weight to the contract and awarded custody to Pat. In seeking a reversal the appellants continue to assert a contractual right to the custody of their grandchild.

The facts are so unusual as to be without precedent. In 1967 the appellee, then an unmarried fourteen-year-old high school student, became pregnant in Texas,

where the Rainer family was living. A few months later the family moved to Guy, Arkansas. It was orally agreed between Pat and her parents that when the child was born it would be entered upon the birth records as the child of Mr. and Mrs. Rainer, who agreed to bring up the infant as their own. That course was followed. After the child's birth Pat continued to live with her parents and went back to school. For some three years the infant was supported by the elder Rainers and was told that they were her parents and that Pat was her sister.

In July, 1971, Pat married Jerry Rowlett, who knew that Janet was Pat's daughter. The Rowletts soon moved to a home of their own, taking Janet with them. The child was then told that the Rainers were her grandparents and that Pat was her mother. Mrs. Rainer, who was apparently the dominant moving force throughout the sequence of events, testified that she allowed the Rowletts to take the child upon a trial basis only, to see if the marriage was successful. After more than a year the Rowletts experienced some rather inconsequential marital difficulties, which they attributed to their fear that Mrs. Rainer would take Janet away from them and to Mrs. Rainer's reaction to Jerry's proposal that he adopt Janet. In January, 1973, Mrs. Rainer obtained possession of the child by telling Pat that she would look after the child while Pat was shopping. Mrs. Rainer refused to give up the child, so that Pat was compelled to bring this suit to regain custody.

The chancellor's decision was plainly right. We stress the fact that the oral contract did not provide that the Rainers would adopt Janet, subject to the various safeguards contained in our adoption statutes. Instead, Pat was to release her own parental rights to the Rainers, who would bring up the child as their own. Such a contract is contrary to public policy. As the Restatement of Contracts points out, "a bargain by one entitled to the custody of a minor child to transfer the custody to another person, or not to reclaim custody already transferred of such child, is illegal unless authorized by statute." Rest., Contracts, § 583 (1932).

We expressed that view in *Washaw* v. *Gimble*, 50 Ark. 351, 7 S.W. 389 (1887), saying: "The custody of a child is

not the subject of gift or barter. A father cannot, by a mere gift of his child, release himself from the obligations to support it or deprive himself of the right to its custody. Such agreements are against public policy and are not strictly enforceable." In the case at bar there is the added circumstance that Pat was only fourteen when the agreement was made and was therefore entitled to disaffirm the contract upon reaching her majority, even if the agreement had been valid.

The true issue before the chancellor, as in any custody case, was the best interest of the child. As between a mother and grandparents, the mother is entitled to her child unless she is unfit to be entrusted with its care. *Nolan* v. *Nolan,* 240 Ark. 579, 401 S.W. 2d 13 (1966). Here there is no such intimation. To the contrary, even Mrs. Rainer testified that Pat is a good mother. Upon the proof the chancellor's conclusion was the only proper one.

Affirmed.

HARRIS, C.J., not participating.