**In re ADOPTION OF SHERYL**

Family No. 501-77

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

November 15, 1977

Frederick G. Watts, Esq. (Loud & Campbell), St. Thomas, V.I.

FEUERZEIG, *Judge*

### MEMORANDUM OPINION

Nellie A. H., the maternal grandmother of Sheryl Patricia H., has filed a petition for adoption of her grandchild. Ms. H., a native of St. Kitts, West Indies, was born on June 18, 1932. Thus, she is 45 years old. The adoptee, Sheryl H., was born May 11, 1968, also in St. Kitts, and is 9 years old.

Sheryl's natural mother, Hyacinth H. is also a native of St. Kitts and presently resides there. She is, however, unable to care for Sheryl due to her present state of health. In fact, only one of her six children currently resides with her in St. Kitts. As a result she has consented to Ms. H.'s petition for the adoption of her child.

Sheryl has resided with her maternal grandmother since 1974 when she left her mother in St. Kitts and came to St. Thomas to live. She attends the Apostolic Faith School and presently is in the third grade. She is a "B" student. Sheryl is cheerful and appears to be of average intelligence. She expressed a desire to be adopted by her grandmother. She also demonstrates a definite feeling of love toward her grandmother and would like to remain with her.

The adoptive mother, Nellie A. H., is divorced, but has been living for the last 10 years with Charles F., a 32-year-old bonded alien. There appears to be no likelihood in the immediate future that Mr. F. and Ms. H. will marry, but neither is there any indication that the relationship that has existed for the last 10 years will cease. Mr. F. is employed as a salesman at Steele's Camera Shop and his salary has gone a long way towards meeting the needs of himself, Ms. H., Sheryl and Ms. H.'s other children.

Ms. H. has been employed as a domestic by Mr. Frederick Watts, her attorney in this action. Mr. Watts speaks very highly of Ms. H.'s integrity as well as of her genuine love for Sheryl. Ms. H. also conveyed to the court her strong desire, warmth and feelings for the child.

The court finds that a determination as to whether to grant or deny this adoption is admittedly difficult. While the court cannot say that the petitioner's home life is an exemplary one, the court does not believe that it should impose its standards of morality upon the petitioner and Sheryl H. This is particularly so in view of the fact that Mr. F. and the petitioner have lived together for the last 10

years. Although there were indications of some difficulties between them, the court cannot determine and cannot find that those difficulties are any different than those that many married couples normally confront. The evidence is that Sheryl H. has been given a home, food, clothing, love and affection by the petitioner, Ms. Nellie A. H. and by Mr. F.

■ The court, contrary to the report of the Department of Social Welfare, finds that the petitioner is a fit and proper person to be entrusted with the care and custody of the child and, given the present living arrangement with Mr. F., that she is financially able to provide for the support, maintenance, nurture, education and love of the minor Sheryl H.

■ There is, however, an additional factor to be considered in connection with the petition, one only alluded to in the Department's report. At the present time Sheryl is permitted to be in the U.S. Virgin Islands as a result of a student visa. As long as her grandmother and Mr. F. continue to pay for her private education and she attends school, Sheryl can remain in the Virgin Islands. In the event that Ms. H. is unable to continue to afford private education for Sheryl it will then be necessary for Sheryl to leave the Virgin Islands. Thus, approval of this adoption will give Sheryl H. the right to remain in the Virgin Islands as long as her grandmother, the petitioner herein, is permitted to remain here as a bonded alien.[1]

The court believes that a comparison of the facts in the instant case with those before the Supreme Court of New Mexico in Gutierrez v. New Mexico Department of Public Welfare, 74 N.M. 273, 893 P.2d 12 (1964), is instructive. There a 66-year-old maternal grandfather petitioned for

---

[1] It should be noted, however, that should Ms. H. lose her job, she would be required to leave the Virgin Islands, as would Sheryl, regardless of whether the adoption is granted.

the adoption of his two eight year old granddaughters. Petitioner's wife had died about a year before the filing of the petition and, to all intents and purposes, the children had lived in the home of the grandparents all of their lives. During this same period the natural mother also had lived with her parents and her intent at the time of the hearing was to continue to live with them and the children.

As the court pointed out:

The effects of an adoption is to legally sever the rights of the natural parent and create an artificial status by judicial determination. . . . Thus, all the duties and obligations of the mother would be divested and transferred to her father, although the family arrangements would not be changed one iota. The mother recognized this in her testimony; when it was pointed out that she would no longer have any legal rights to the children she nevertheless said. "Even though I would have no legal rights to the children; *I mean they are mine.*" (Emphasis added.) 893 P.2d at 14.

The court thus found that what was contemplated was "an adoption in name only, lacking all of the elements of the complete severance of the children's ties and relationship with their mother contemplated by the law." 393 P.2d at 14. Moreover, the court found that the sole purpose of the proposed adoption was so that the petitioner would receive an increase in social security benefits.

The facts in this case clearly are distinguishable. First, Sheryl H. has not resided with her mother since 1974, and upon approval of this adoption there will be a severance of the right of the natural parent in law as well as in fact. Second, the court does not find that the sole or principal reason for the petition of adoption is the change of Sheryl's status vis-a-vis the immigration laws of the United States.

█ Natural parents have no property right in their children, Gutierrez, supra, and the paramount issue in an adoption is the welfare of the child. The welfare and best interests of the child are not measured simply by material

191

and economic factors. Parental love and affection occupy an important place in the scheme. The court believes that those factors are present here. The court thus finds approval of this adoption to be in the best interests of the child, and concludes as a matter of law that the petitioner is entitled to an order of adoption as prayed for in her petition.